DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAOUFIQ SEFFAR,**
Appellant,

v.

**RESIDENTIAL CREDIT SOLUTIONS, INC.,**
Appellee.

No. 4D13-3514

[March 25, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. CACE10025802.

David H. Charlip of Charlip Law Group, LC, Aventura, for appellant.

Raymond Hora of McCalla Raymer, LLC, Orlando, for appellee.

WARNER, J.

Appellant challenges a final judgment of foreclosure, claiming that the court erred in denying his motion for involuntary dismissal. He claimed that appellee did not prove standing to foreclose at the time suit was filed. We agree that the evidence is insufficient to show the plaintiff had standing and reverse.

Appellant executed a note and mortgage to ABN Amro Mortgage Group ("ABN") in 2006. In 2009, appellant received a letter from CitiMortgage informing him that the servicing of his note and mortgage was being transferred from CitiMortgage to Residential Credit Solutions ("RCS"). RCS also sent a letter informing appellant of the transfer of the servicing of the loan. When he defaulted on the mortgage, RCS sent him a notice of default and subsequently filed suit, alleging that it had the right to enforce the note and mortgage. Attached to the complaint was the mortgage and note to ABN. The note was stamped "original" and did not contain any endorsements or allonges. Also attached was an assignment of the mortgage from the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Franklin Bank, to Mortgage Electronic Registrations Systems ("MERS"), as nominee for RCS.

About nine months after filing the complaint, RCS filed what it claimed was the "original" note. Filed with this note was an undated, blank allonge, payable to the bearer, allegedly executed by a vice president of ABN. Nothing about the appearance of this allonge, as contained in the appellate record, shows that it was affixed to the note with which it was filed.

Just two weeks before the foreclosure trial, RCS moved to substitute Bayview Loan Servicing as the plaintiff, alleging it had transferred servicing of the loan to Bayview. The documents attached to the motion do not mention that the ownership of the loan or mortgage was also transferred. The trial court allowed the substitution over appellant's objection.

At trial, a litigation manager for Bayview testified. He was not a records custodian for RCS or for Bayview. He was not familiar with the computer systems that either of the prior servicers, CitiMortgage and RCS, used for compiling information on the loan or how it was inputted into the systems. He had no information as to whether the information on the loans was inputted into the prior servicers' systems correctly. He could not testify to the truth or accuracy of RCS's records, just that they were provided to Bayview.

He testified that Bayview was the servicer *and holder* of the note. He *believed* that Bayview had acquired the note through a purchase agreement with RCS, but he had not seen the agreement, nor did he have a copy of it. His belief that Bayview was the owner of the note under the purchase agreement was based on "a screen shot of our capital assets systems, which has information in regards to the status of the loan with us." This screen shot was not produced at trial.

As to the allonge with the blank endorsement from ABN, he did not know when it was executed or whether the signature on it was a "wet ink" signature or a stamp. He did not know whether the allonge was affixed to the note prior to it being filed in the court file. He did not know if the vice president who signed the allonge on ABN's behalf was in the employ of ABN in November 2009, when Bayview's records showed that servicing of the loan had been transferred from ABN to Franklin Bank.

The manager agreed that on January 29, 2010, when RCS mailed appellant a notice of intent to take legal action on the note and mortgage, RCS was not the owner and holder of the note by way of the September 30, 2009 assignment of mortgage, but testified, "[t]here may have been a purchase agreement or some other document." He testified that, on that

2

date, "I only know that RCS was servicing. I don't know for a fact who was the holder of the note at the time." While he did testify that RCS owned the note and mortgage on the date the complaint was filed, he then inconsistently stated that RCS had brought the suit as the servicer of the loan, not its owner.

Although appellant moved for involuntary dismissal on the ground that Bayview had not proved standing because it had not shown that it had the right to enforce the note and foreclose the mortgage, the trial court rejected this claim. It entered a final judgment of foreclosure in which it found that Bayview was due and owing the unpaid balance of the note. This appeal follows.

Appellant argues that Bayview failed to prove that it was the owner or holder of the note and that it had the right to foreclose. Based upon this confusing record, we agree that it presented no competent evidence that RCS was the holder of the note at the time it filed suit or that it was a nonholder in possession and entitled to enforce the note. Therefore, Bayview failed to prove standing.

Standing of the plaintiff to foreclose on a mortgage must be established at the time the plaintiff files suit. *See McLean v. JP Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012). *McLean* set forth the requirements that a plaintiff may prove standing in a mortgage foreclosure:

> Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint. . . For example, standing may be established from a plaintiff's status as the note holder, regardless of any recorded assignments. . . .

> If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement. . . . Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff . . .

> Even in the absence of a valid written assignment, the mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered.

*Id.* at 173 (citations and quotation marks omitted).

Appellant notes several deficiencies in Bayview's proof which result in a failure to show standing to foreclose the mortgage. First, while the note and mortgage were originally held by ABN, the only assignment of mortgage attached to the complaint and introduced at trial was one from FDIC as receiver for Franklin Bank to MERS as nominee for RCS. There is no proof of any transfer of the note or mortgage from ABN to Franklin Bank. Second, while Bayview contends that the undated allonge supplies the connection, as it shows a transfer payable to bearer, there was no proof that the allonge was attached to the note, and Bayview presented no proof of when it was executed. Finally, there was no competent evidence of what rights Bayview acquired from RCS.

We recently addressed how a plaintiff may show it is entitled to foreclose on a promissory note in *Murray v. HSBC Bank*, 40 Fla. L. Weekly D239 (Fla. 4th DCA Jan. 21, 2015):

> "Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be … a nonholder in possession of the note who has the rights of a holder." *Mazine v. M & I Bank*, 67 So. 3d 1129, 1130 (Fla. 1st DCA 2011).

> A "person entitled to enforce" an instrument is: "(1) [t]he holder of the instrument; (2)[a] nonholder in possession of the instrument who has the rights of a holder; or (3)[a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s[ection] 673.3091 or s[ection] 673.4181(4)." § 673.3011, Fla. Stat. (2013). A "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2013). Thus, to be a holder, the instrument must be payable to the person in possession or indorsed in blank. *See* § 671.201(5), Fla. Stat. (2013).

Although, nine months after filing the complaint, RCS filed what purported to be the original note with an allonge payable to bearer, it was undated and there is no proof it was affixed to the promissory note. "An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof." *See Booker v. Sarasota, Inc.*, 707 So. 2d 886, 887 n.1 (Fla. 1st DCA 1998) (quoting Black's Law Dictionary 76 (6th ed. 1990)); *see also*

4

*Isaac v. Deutsche Bank Nat'l Trust Co.*, 74 So. 3d 495, 496 n.1 (Fla. 4th DCA 2011). The litigation manager did not know when the allonge was executed, or whether it was affixed to the note prior to filing. No evidence was presented that the allonge was executed and attached to the note prior to the filing of the initial complaint. Indeed, RCS did not allege in the complaint that it owned and held the mortgage. It merely alleged that it had the right to foreclose the note and mortgage. Therefore, the allonge provided no evidence that RCS was a "holder" at the time it filed the complaint.

Alternatively, Bayview argues that RCS was a nonholder in possession. However, *Murray* shows the fallacy of that claim. In *Murray*, we held that the lender, HSBC, had not proved standing where it had alleged that it was a nonholder in possession of the note and mortgage, because it did not prove that each prior transfer of the note conferred the right to enforce it:

> HSBC was thus left to enforce the note under section 673.3011(2) as a nonholder in possession of the instrument with the rights of a holder. The issue then is whether HSBC is a nonholder in possession with the rights of a holder.
>
> *Anderson v. Burson*, 424 Md. 232, 35 A.3d 452 (2011), is instructive. There, the court held that the plaintiff was a nonholder in possession and analyzed whether it had rights of enforcement pursuant to a Maryland statute that employs the same language as section 673.3011, Florida Statutes. *Anderson*, 35 A.3d at 462. "A transfer vests in the transferee only the rights enjoyed by the transferor, which may include the right to enforce [ment]," through the "shelter rule." *Id.* at 461–62.
>
> A nonholder in possession, however, cannot rely on possession of the instrument alone as a basis to enforce it…. The transferee does not enjoy the statutorily provided assumption of the right to enforce the instrument that accompanies a negotiated instrument, and so the transferee "must account for possession of the unendorsed instrument by proving the transaction through which the transferee acquired it." Com. Law § 3–203 cmt. 2. *If there are multiple prior transfers, the transferee must prove each prior transfer. Once the transferee establishes a successful transfer from a holder, he or she acquires the enforcement rights of that holder.* See Com. Law § 3–203 cmt. 2. A transferee's rights, however,

can be no greater than his or her transferor's because those rights are "purely derivative."

*Murray*, 40 Fla. L. Weekly D239 (emphasis in original) (internal citations omitted). Because HSBC did not offer evidence of one of the prior transfers of the note, we held it did not prove that it was a nonholder in possession.

Similarly, in this case, Bayview did not prove that either RCS or itself was a nonholder in possession. It never connected FDIC as receiver of Franklin Bank, from which RCS acquired an assignment of mortgage, to ABN, the original note holder.

As alternative proof of its "ownership" of the note and mortgage, Bayview relied on a letter from RCS to the appellant, notifying him of the transfer of servicing rights to RCS, and a similar one from Bayview when it became the servicer of the loan. Neither letter addressed a right to enforce the note. None of the servicer agreements were placed in evidence to prove what rights either RCS or Bayview acquired under those agreements. Finally, as to the transfer between RCS and Bayview, the litigation manager testified that while he *believed* that Bayview purchased the note and mortgage from RCS, he had never seen a purchase agreement, and no document memorializing the purchase was entered into evidence. Therefore, because there is a gap in the transfer of the note and mortgage, Bayview did not prove that RCS, and subsequently Bayview, were nonholders in possession. *See Murray*, 40 Fla. L. Weekly D239. Simply stated, the evidence presented was woefully inadequate to prove standing to foreclose. It was quite apparent from the record that Bayview's litigation manager did not have the requisite knowledge, nor did he produce documentary evidence, to support the claim.

We thus reverse and direct judgment in favor of the appellant dismissing the foreclosure on the mortgage for failure of the appellee to prove its standing.

*Reversed and remanded.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6