NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONALD ST. CLAIR,            )
                            )
          Appellant,         )
                            )
v.                          )          Case No. 2D14-2111
                            )
U.S. BANK NATIONAL ASSOCIATION,  )
Trustee Terwin Mortgage Trust 2005  )
8HE Asset-Backed Certificates, Series  )
2005 8HE,                   )
                            )
          Appellee.          )
_____)

Opinion filed July 17, 2015.

Appeal from the Circuit Court for Lee
County; James R. Thompson, Senior Judge.

Michael E. Chionopoulos, Fort Myers, for
Appellant.

Elizabeth T. Frau of Ronald R. Wolfe &
Associates, P.L., Tampa, for Appellee.


VILLANTI, Chief Judge.

        Ronald St. Clair seeks review of the trial court's final judgment of

foreclosure in favor of U.S. Bank.  Because the trial court erred in finding that U.S. Bank

demonstrated it had standing to foreclose, we reverse.

After St. Clair defaulted on a loan issued by original mortgagor Lenders Direct Capital Corporation, U.S. Bank brought foreclosure proceedings. St. Clair defended, alleging that U.S. Bank failed to prove standing. Although U.S. Bank maintained that the mortgage and note were sold to it by Lenders Direct, neither document had been indorsed. Despite the lack of indorsements, the mortgage and note were placed in a trust with U.S. Bank as the trustee and the loan was serviced by Specialized Loan Servicing (SLS). Based on these facts, U.S. Bank asserted that it had the rights of a holder as a "nonholder in possession" of the documents. At a nonjury trial, U.S. Bank relied on a pooling service agreement, a default notice letter, and a fee payment schedule to show that it had standing to foreclose. Agreeing with this argument, the trial court ruled in favor of U.S. Bank and this appeal followed.

Under section 673.3011, Florida Statutes (2014), a person entitled to enforce a negotiable instrument must be either: (1) the holder of the instrument, (2) a "nonholder in possession of the instrument who has the rights of a holder," or (3) a person not in possession but who has the right to enforce a lost, destroyed, or stolen instrument or an instrument paid by mistake. A holder is a person in possession of the negotiable instrument that is payable either to bearer or to the holder. § 671.201(21)(a), Fla. Stat. (2014). A person in possession of the instrument but who is not the original lender can still be a holder, but only if the instrument bears a special indorsement in his or her favor or a blank indorsement. See McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Absent a special or blank indorsement, "the mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered."

Seffar v. Residential Credit Solutions, Inc., 160 So. 3d 122, 125 (Fla. 4th DCA 2015) (quoting McLean, 79 So. 3d at 173). However, possession of the instrument alone is an insufficient basis to prove standing to foreclose. See Murray v. HSBC Bank USA, 157 So. 3d 355, 358 (Fla. 4th DCA 2015). The person trying to enforce the instrument must demonstrate that he or she had standing as of the time the complaint is filed. McLean, 79 So. 3d at 173. This court reviews issues of standing in foreclosure cases using the de novo standard of review. Boyd v. Wells Fargo Bank, N.A., 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014).

Here, U.S. Bank attempted to prove it had standing under section 673.3011(2) as a nonholder in possession of the instrument with the rights of a holder.[1] It argued below and on appeal that its possession of the note and mortgage, along with evidence of its servicing the loan through SLS, its pooling and servicing agreement with SLS, and SLS's notice of default letter sent to St. Clair, prove that U.S. Bank had standing to enforce the instrument. But contrary to U.S. Bank's argument, mere possession is an inadequate basis on which to affirm the lower court's final judgment. See Murray, 157 So. 3d at 358.

Because mere possession was inadequate to establish standing, U.S. Bank was required to show that it received the instrument from a holder with enforcement rights. This is known as the "shelter rule." Id. But there was no competent evidence presented below to show that U.S. Bank had actually acquired the note and mortgage from Lenders Direct. While U.S. Bank attempts to rely on its pooling

---

[1]Because the note and mortgage were not indorsed in blank or specially indorsed to U.S. Bank, U.S. Bank is unable to establish its standing as a holder of the instrument. See § 673.3011(1).

and servicing agreement with SLS to show that it had standing, this document does not contain any mention of Lenders Direct or its alleged transfer of the note and mortgage into the U.S. Bank trust. Likewise, the payment schedule shows only that Lenders Direct was servicing the loan prior to SLS; it does not indicate that Lenders Direct transferred the loan to U.S. Bank or to SLS. While there is a document that indicates Lenders Direct sold the rights to the instrument, it does not indicate to whom Lenders Direct sold the rights. Without evidence establishing who Lenders Direct sold the instrument to, the question of standing remains an open one. This court cannot fill in the blanks of an incomplete chain in order to determine that U.S. Bank actually acquired the instrument, as it contends, from holder Lenders Direct versus a nonholder third party. See id. at 358-59 (noting that because "[t]he transferee does not enjoy the statutorily provided assumption of the right to enforce the instrument that accompanies a negotiated instrument . . . the transferee must account for possession of the unindorsed instrument by proving the transaction through which the transferee acquired it" (quoting Anderson v. Burson, 35 A.3d 452 (Md. 2011) (internal quotations omitted))). The documentation here was simply too inadequate to constitute competent, substantial evidence of U.S. Bank's standing.

The only document that purports to indicate that Lenders Direct sold the rights of the instrument to U.S. Bank is a letter from SLS to St. Clair, stating that SLS would be servicing the loan after Lenders Direct had sold the note and mortgage. But without reference to whom the loan was sold, this letter alone cannot substantiate U.S. Bank's claim that it obtained the note and mortgage from Lenders Direct. See Seffar, 160 So. 3d at 126-27 (finding that a letter from a loan servicer to the mortgagor

- 4 -

informing him of the transfer of servicing rights was insufficient to establish that the servicer had standing when the letter did not address the servicer's specific right to enforce the instrument). Thus, U.S. Bank's claim suffers from a fatal failure of necessary proof.

Ultimately, the problem with U.S. Bank's attempt to establish standing to foreclose is that it relies on a "paper trail" that beats around the bush but never axes the tree necessary to establish the legal requirement of standing. We cannot, as advocated by U.S. Bank, presume standing simply because it serviced the loan. Longstanding case law prevents us from doing so. See Withers v. Sandlin, 18 So. 856 (Fla. 1896). Accordingly, it was error for the trial court to rule in favor of U.S. Bank.

Reversed and remanded for further proceedings.


KHOUZAM and LUCAS, JJ., Concur.