DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SARIT J. ASSIL** n/k/a **SARIT LEVY,**
Appellant,

v.

**AURORA LOAN SERVICES, LLC, SOHEIL ASSIL,** and any and all
unknown parties claiming by, through, under, and against the herein
named individual defendant(s) who are not known to be dead or alive,
whether said unknown parties may claim an interest as spouses, heirs,
devises, grantees or other claimants, **VICTORIA GROVE HOMEOWNERS
ASSOCIATION, INC., JOHN DOE** and **JANE DOE,** as unknown tenants
in possession,
Appellees.

No. 4D14-2257

[ August 12, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Howard H. Harrison, Senior Judge; L.T. Case No.
502008CA025998XXXXMB.

Craig A. Boudreau, Wellington, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of
Akerman LLP, Fort Lauderdale, and Celia C. Falzone of Akerman LLP,
Jacksonville, for Appellee-Aurora Loan Services, LLC.

PER CURIAM.

We reverse the final judgment of foreclosure entered in favor of appellee
Nationstar Mortgage, LLC, successor in interest to Aurora Loan Services,
LLC (Aurora), because appellee failed to establish by competent evidence
that Aurora had standing to enforce the mortgage when it filed the
mortgage foreclosure action.

Whether a party has standing to bring an action is reviewed de novo.
*Boyd v. Wells Fargo Bank, N.A.,* 143 So. 3d 1128, 1129 (Fla. 4th DCA
2014).

"The plaintiff must prove that it had standing to foreclose when the

complaint was filed." *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013) (quoting *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)) (quotation marks omitted). "Pursuant to Florida Rule of Civil Procedure 1.260, a substituted plaintiff acquires the standing of the original plaintiff." *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 353 n.4 (Fla. 1st DCA 2014).

"[S]tanding may be established from a plaintiff's status as the note holder, regardless of any recorded assignments." *McLean*, 79 So. 3d at 173. A person entitled to enforce an instrument is either the "holder of the instrument," the "nonholder in possession of the instrument who has the rights of a holder" or "[a] person not in possession of the instrument who is entitled to enforce the instrument . . . ." § 673.3011, Fla. Stat. (2008). A "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2008). "If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." *McLean*, 79 So. 3d at 173.

In *Seffar v. Residential Credit Solutions, Inc.*, 160 So. 3d 122, 123 (Fla. 4th DCA 2015), this court found that a substituted plaintiff failed to prove the original plaintiff had standing to file the foreclosure complaint. The original plaintiff/servicer, RCS, alleged that it had the right to enforce the note and mortgage. *Id.* The note attached to the complaint named another institution as the original lender and did not contain any endorsements or allonges. *Id.* After filing the complaint, RSC filed the original note with an undated blank allonge, payable to the bearer. *Id.* Before trial, RSC substituted Bayview Loan Servicing as plaintiff. *Id.* at 123-24.

At trial, Bayview failed to prove that RCS was the holder or that RCS or itself was a nonholder in possession. *Id.* at 125-26. As an alternative proof of ownership of the note and mortgage, Bayview relied on a letter from RCS to the homeowners, notifying them of the transfer of servicing rights to RCS. *Id.* at 126. Bayview sent out a similar letter when it obtained servicing rights. *Id.* Neither letter addressed RCS's or Bayview's rights to enforce the note. *Id.* Moreover, Bayview did not introduce RCS's or Bayview's servicing agreements into evidence to prove what rights they acquired under those agreements. *Id.* This court reversed because the evidence presented was inadequate to prove standing. *Id.* at. 127.

Similar to the situation in *Seffar*, Nationstar failed to provide any evidence, such as a servicing agreement, to prove that Aurora had the right to enforce the Note when it filed the foreclosure action. Aurora filed its

foreclosure complaint on August 25, 2008. In the original complaint, Aurora alleged that it was the owner or holder of the Note and that the Note was lost. Aurora subsequently amended the complaint three times. In the First Amended Complaint, Aurora dropped the lost note count and attached a copy of the Note to the complaint, with a special endorsement to Deutsche Bank. In the Third Amended Complaint, instead of alleging that it was the owner or holder of the Note, Aurora alleged that it was a servicing agent for Deutsche Bank and that it was authorized to prosecute the foreclosure action on behalf of Deutsche Bank.

At trial, Nationstar presented evidence that Deutsche Bank was the owner of the Note when Aurora filed the complaint. The original Note contained a special endorsement to Deutsche Bank, and Nationstar's only witness testified that Deutsche Bank was the owner of the Note. Nationstar introduced into evidence a print screen from Aurora's system which shows the scanned copy of the Note including a special endorsement to Deutsche Bank. The print screen was dated August 22, 2008, three days prior to Aurora filing the complaint.

Appellee failed to establish that Aurora had standing to sue on the date of the filing of the suit where there was no assignment of the mortgage and Note, no blank or special endorsement in favor of Aurora on the promissory Note, and no competent evidence that Aurora held the Note on the date it filed suit.

Because Aurora was not shown to be the holder of the Note, it essentially proceeded under the theory that it was a nonholder in possession of the Note with the rights of a holder. However, Aurora failed to provide sufficient proof that it was authorized at any time to prosecute the foreclosure action on behalf of Deutsche Bank. In short, there was insufficient proof that Aurora was the holder of the Note or was otherwise a person entitled to enforce the Note at the time it filed the action. Accordingly, we reverse the final judgment of foreclosure and remand for the trial court to enter an order of involuntary dismissal.

*Reversed and Remanded.*

TAYLOR, MAY and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3