# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1822
Lower Tribunal No. 12-1444-K

_____

**Federal National Mortgage Association,**
Appellant,

vs.

**Victoria A. McFadyen, et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Kahane & Associates and H. Michael Muñiz, (Plantation), for appellant.

Robert B. Goldman, (Key West), for appellee, Victoria A. McFadyen; Victoria A. McFadyen, in proper person.

Before WELLS, EMAS and LOGUE, JJ.

WELLS, Judge.

In this action to enforce a lost promissory note and to foreclose a mortgage on real property, Federal National Mortgage Association ("Fannie Mae") appeals from an order granting rehearing, vacating a final judgment of foreclosure entered in its favor, and entering a final judgment in the borrower's favor. The trial court granted rehearing and entered judgment in the borrower's favor, purportedly because the record failed to demonstrate that Fannie Mae had standing to bring the underlying action. We disagree and reverse with instructions to reinstate the final judgment of foreclosure. Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 116 (Fla. 2011) ("A trial court's decision as to whether a party has satisfied the standing requirement is reviewed de novo.").

The promissory note at issue here was signed by borrower Stephen Probert on December 14, 2006. The original lender was Lehman Brothers Bank, FSB. Victoria McFadyen co-signed a mortgage with Probert to secure the loan.

On December 27, 2012, Fannie Mae filed a verified complaint against McFadyen to enforce a lost, destroyed or stolen promissory note (count I) and to foreclose the mortgage McFadyen co-signed with Probert (count II). In that sworn complaint, Fannie Mae alleged that it was the "owner and holder of [a] note and mortgage," which it claimed to have been lost or stolen. A copy of the note was attached to the verified complaint, the last page of which clearly bears not only borrower Probert's signature but also two indorsements, one from the original

2

lender, Lehman Brothers Bank, FSB, specifically indorsing the note to Lehman Brothers Holdings, Inc., the other an indorsement in blank by Lehman Brothers Holdings, Inc.

After initially defaulting, McFadyen was allowed to answer and in summary form raised four defenses: lack of subject matter jurisdiction, failure to join an indispensable party, lack of standing, and fraudulent assignment of mortgage:

FIRST DEFENSE
The Court lacks jurisdiction over the subject matter of this action because the original note was not attached to the complaint.

SECOND DEFENSE
The complaint fails to state a cause of action because Plaintiff failed to join an indispensable party—the estate of Stephen K. Probert who was the maker of the note who died in January of 2009.

THIRD DEFENSE
Plaintiff [Fannie Mae] lacks standing to foreclose the note and mortgage in this action.

FOURTH DEFENSE
Upon information and belief, MER'S [sic] assignment of mortgage to Aurora and Aurora's assignment to [Fannie Mae] were fraudulent.

This matter was tried on April 6, 2015, and a final judgment of foreclosure in Fannie Mae's favor was entered. Citing to the Fourth District Court of Appeal's decision in Seffar v. Residential Credit Solutions, Inc., 160 So. 3d 122 (Fla. 4th DCA 2015), McFadyen moved for rehearing. The motion was granted with the trial court finding that Fannie Mae "did not satisfy the requirements of Fla. Stat. 673.3091 to enforce the lost, destroyed or stolen Note." The final judgment was

3

vacated and a final judgment in McFadyen's favor was entered. Fannie Mae appeals from that final judgment; we reverse.

The law with regard to enforcement of promissory notes is relatively straight forward. Promissory notes are, by definition, negotiable instruments which, by law, may be enforced by a holder, a nonholder in possession who has the rights of the holder, or a person not in possession who nevertheless is entitled to enforce the note:

> The "person entitled to enforce" an instrument means:
>
> (1) The holder of the instrument;
>
> (2) A nonholder in possession of the instrument who has the rights of a holder; or
>
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).
>
> A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

§ 673.3011, Fla. Stat. (2015).

Fannie Mae's claim below was that it was entitled to enforce the Probert promissory note although not in possession of it. It therefore had to satisfy the requirements detailed in section 673.3091 of the Florida Statutes to prevail. See § 673.3011(3), Fla. Stat. (2015). In pertinent part, that provision requires a party

4

seeking to enforce an instrument not in its possession to show that it was entitled to enforce the instrument at the time it was lost:

>(1) A person not in possession of an instrument is entitled to enforce the instrument if:

>(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

>(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

>(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

>(2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

§ 673.3091, Fla. Stat. (2015).

Fannie Mae was, therefore, required to demonstrate at trial that at the time the note was lost, it had the right to enforce it. The record confirms that Fannie Mae satisfied this burden.

Documents introduced without objection into evidence at trial[1] established

_____

[1] The documents were admitted under section 90.803(6)(c) of the Florida Statutes which in pertinent part provides:

The provision of s. 90.802 [governing hearsay] to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:

. . . .

(6) Records of regularly conducted business activity. –

(a)  A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. . . .

. . . .

(c) A party intending to offer evidence under paragraph (a) by means of a certification or declaration shall serve reasonable written notice of that intention upon every other party and shall make the evidence available for inspection sufficiently in advance of its offer in evidence to provide to any other party a fair opportunity to challenge the admissibility of the evidence.  .  .  .   A motion opposing the admissibility of such evidence must be made by the opposing party and determined by the court before trial.  A party's failure to file such a motion before trial constitutes a waiver of objection to the evidence, but the court for good cause shown may grant relief from the waiver.

§ 90.803(6)(a), (c), Fla. Stat. (2015).

that Aurora Loan Services, Inc., an entity which services loans for various lenders, received the Probert promissory note indorsed in blank and scanned it into Aurora's computer database on June 29, 2009.[2]  Two days later, the original note and mortgage were sent to the Law Offices of David J. Stern, P.A., along with a bailee letter instructing the firm to institute foreclosure proceedings.[3]  The subsequently filed foreclosure action, while inaccurately representing that Aurora was the owner and holder of the note, ultimately was dismissed and a new servicing agent, Seterus, Inc., was retained to service this loan for Fannie Mae.  By this time, however, the original note and mortgage could not be located.

In addition to this documentary evidence, Fannie Mae called Jeff Andersen, a foreclosure litigation corporate officer for Seterus, as a witness at trial.  Mr. Andersen testified that Seterus was the current loan servicing agency for the

---

[2] Prior to trial, on March 6, 2015, Fannie Mae filed a "Certification of Business Records Pursuant to § 90.803(6)(c), Florida Statutes," which included the loan documents associated with this action and the sworn affidavit of Laura McCann, an Aurora vice president.  McCann's affidavit attested, among other things, that Aurora was the prior servicing agent for the subject mortgage; that when Probert defaulted on the subject loan, Aurora sent Probert a demand letter noticing its intent to accelerate on March 23, 2009; that the original promissory note—bearing two stamped indorsements on the page signed by Probert, one of which was an indorsement in blank from Lehman Brothers Holdings, Inc.—had been scanned into Aurora's computer system on June 29, 2009; that on July 1, 2009, the original note and mortgage were sent to the Law Offices of David J. Stern, P.A. along with a bailee letter instructing the law firm to institute foreclosure proceedings; and that servicing of the subject mortgage loan transferred from Aurora to Seterus, Inc. on August 2, 2010.

[3] David J. Stern has since been disbarred by the Florida Bar.

Probert loan and that it had assumed that role from Aurora. According to Mr. Andersen, when Seterus took over servicing this loan, it "boarded" Aurora's records, that is, it made Aurora's records part of its own, after confirming by independent investigation that Aurora's records were accurate.[4] Those records, as Mr. Andersen testified, confirmed that: when Aurora received the original Probert promissory note in June of 2009, it bore only two indorsements, an indorsement from the original holder to Lehman Brothers Holdings, Inc. and an indorsement in blank from Lehman Brothers Holdings, Inc.; within days of Aurora's receipt of the original note and mortgage, they were scanned into Aurora's system and then forwarded to the Law Offices of David J Stern, P.A.; and that these originals never

---

[4] As already stated, Aurora's loan documents associated with this action were admitted without objection as a certified business record pursuant to section 90.803(6)(c). Aurora's business records also were admissible through Mr. Andersen's testimony, which established that the records were reviewed for accuracy during the boarding process with which he was sufficiently familiar. See Channell v. Deutsche Bank Nat'l Trust Co., 173 So. 3d 1017, 1020 (Fla. 2d DCA 2015) (finding that a successor mortgage servicer may establish the admissibility of a prior mortgage servicer's loan records "by testimony that the successor servicer had independently confirmed the accuracy of the predecessor's records" or "by offering evidence that the records were reviewed for accuracy prior to being integrated into the successor servicer's records system"); Bank of New York v. Calloway, 157 So. 3d 1064, 1072 (Fla. 4th DCA 2015) (stating that the successor mortgage servicer "itself may establish trustworthiness by independently confirming the accuracy of the third-party's business records upon receipt"); see also Nationstar Mortg. v. Berdecia, 169 So. 3d 209, 216 (Fla. 5th DCA 2015) (finding that the successor servicer's witness need not have personally participated in the boarding process to ensure the accuracy of the records acquired from the prior servicer of the subject loan; rather, the witness need only "demonstrat[e] a sufficient familiarity with the 'boarding' process to testify about it").

were returned from Stern's office to Aurora before the loan was transferred to Seterus for servicing.

Significantly, Mr. Andersen, by virtue of a power of attorney from Fannie Mae, also testified on behalf of Fannie Mae and without objection confirmed that Fannie Mae was the owner of and holder of the Probert promissory note on June 29, 2009, when it was sent to Aurora, its servicer, and scanned into Aurora's computer database. See Sosa v. U.S. Bank Nat'l Ass'n, 153 So. 3d 950, 951 (Fla. 4th DCA 2014) (recognizing that a bank witness's trial testimony "can serve the same purpose as an affidavit" in establishing that the bank was the owner of the note and mortgage before the suit was filed); see also Fiorito v. JP Morgan Chase Bank, Nat'l Ass'n, 174 So. 3d 519, 521 (Fla. 4th DCA 2015) ("A bank employee's trial testimony that the plaintiff bank owned the note before the inception of the lawsuit is sufficient to resolve the issue of standing.").

This evidence confirms that Fannie Mae had standing to enforce the Probert promissory note when this action was brought. Because the note was indorsed in blank,[5] Fannie Mae only had to have possession of it to be a "holder" to have standing to enforce it:

---

[5] A promissory note indorsed in blank is a bearer instrument enforceable by "a person in possession" of that instrument. See § 671.201(5), Fla. Stat. (2015) ("'Bearer' means . . . a person in possession of a negotiable instrument . . . that is payable to bearer or indorsed in blank."); § 673.1091(1)(b)-(c) ("A promise or order is 'payable to bearer' if it: . . . [d]oes not state a payee . . . or otherwise indicates that it is not payable to an identified person."); § 673.1091(3), Fla. Stat.

9

> The requirement of holding a note as proof of standing derives from the Florida Uniform Commercial Code. <u>See</u> § 673.3011(1), Fla. Stat. (2008) ("The term 'person entitled to enforce' an instrument means: the holder of the instrument[.])" To hold a note under the Uniform Commercial Code ordinarily connotes possession of the document itself. <u>See</u> § 671.201(21)(a), Fla. Stat. (2008) ("'Holder' means: The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"); <u>St. Clair v. U.S. Bank Nat'l Ass'n</u>, 173 So. 3d 1045, 1046 (Fla. 2d DCA 2015).

<u>Phan v. Deutsche Bank Nat'l Tr. Co.</u>, 41 Fla. L. Weekly D516, D516 (Fla. 2d DCA Feb. 26, 2016) (footnote omitted); <u>see also</u> <u>Am. Home Mortg. Servicing, Inc. v. Bednarek</u>, 132 So. 3d 1222, 1223 (Fla. 2d DCA 2014) (finding that "because the note at issue is endorsed in blank, and because [mortgagee] possessed the original note, its standing to foreclose is established").

While there is no evidence that Fannie Mae had direct or actual possession of the note either after it was received by Aurora, its servicing agent; when the original was sent to attorney David Stern to file suit to enforce it; when the servicing agreement was assumed by Seterus; or later when this suit was filed, the uncontradicted evidence was that at all times material herein, Fannie Mae was in constructive possession of the note and thus had standing to file suit to enforce it.

---

(2015) ("An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to s. 673.2051(2)."); § 673.2051(2), Fla. Stat. (2015) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.").

See Phan, 41 Fla. L. Weekly at D517  (confirming that "where an agent holds a mortgage note on behalf of its principal, the principal has constructive possession of the note and standing to file a complaint for foreclosure as a holder under section 673.3011(1)."); Caraccia v. U.S. Bank, Nat'l Ass'n, 41 Fla. L. Weekly D476, D477 (Fla. 4th DCA Feb. 24, 2016) (confirming that the element of possession necessary for standing to bring an action on a note may be met "through actual or constructive possession").

Because Fannie Mae adduced uncontradicted evidence to establish that all times material it was in constructive possession of the bearer note at issue here, and thus was a the holder with the right to enforce the note at the time the original was lost, it satisfied all of the requirements of section 673.3011 and section 673.3091 and had standing to enforce the Probert note when the instant foreclosure action was filed.[6]

In reaching this determination, we reject the trial court's reliance on the Fourth District's decision in Seffar to reach a different result.  That case turned on a plaintiff's inability to prove that it was the holder of the note at issue under section 673.3011(1) of the Florida Statutes because there was no proof that a blank allonge, produced some nine months after the complaint was filed, was ever

_____

[6] We also note that Fannie Mae represented on the record that it will indemnify and hold McFadyen harmless from further claims on the Probert note and the mortgage securing it should the original note and mortgage ever be found.

11

affixed to or made part of the promissory note so as to establish that the plaintiff was entitled to enforce the note as is required. Seffar, 160 So. 3d at 125.[7] The plaintiff there also alternatively failed to establish standing under section 673.3011(2) as a nonholder in possession of the instrument with the rights of a holder. Id. By contrast, as already set forth herein, this matter concerns application of section 673.3011(3) and involves indorsements affixed to the same page of the promissory note which bears the borrower's signature. Thus, here, unlike in Seffar, the alleged owner and holder of a lost note adduced sufficient evidence to prove its standing.[8]

Finding that Fannie Mae sufficiently demonstrated that it had standing to bring the instant foreclosure action, we vacate the order granting McFadyen's

---

[7] "An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof." Id. (quoting Booker v. Sarasota, Inc., 707 So. 2d 886, 887 n.* (Fla. 1st DCA 1998) (quoting Black's Law Dictionary 76 (6th ed. 1990))).

[8] McFadyen makes much of the fact that the note attached to the complaint in the 2009 foreclosure action contained no indorsements and that Fannie Mae presented no evidence as to precisely when, and in what manner, the subject indorsements were made or as to how Fannie Mae acquired the note. We are unpersuaded by these arguments where Fannie Mae presented unrebutted evidence that the subject indorsements were made prior to the filing of the original foreclosure action and that Fannie Mae was the bearer of the note at that time. See 6 Fla. Jur. 2d Bills and Notes § 63 (2016) ("The term 'bearer' means the person in possession of a negotiable instrument . . . . An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to statute. In that event, the instrument may be negotiated by transfer of possession alone until specially indorsed.") (footnotes omitted).

motion for rehearing and entering final judgment in her favor and remand this cause to the lower court with instructions that it reinstate the final judgment of foreclosure in Fannie Mae's favor.

Reversed and remanded with instructions.