NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JEFFREY M. POWERS and        )
TAWNYA L. POWERS,            )
                            )
    Appellants,              )
                            )
v.                           )        Case No. 2D14-4857
                            )
HSBC BANK USA, N.A., as Trustee )
under the Pooling and Servicing )
Agreement Dated as of September 1, )
2006, Fremont Home Loan Trust )
2006-C,                      )
                            )
    Appellee.                )
_____ )

Opinion filed October 14, 2016.

Appeal from the Circuit Court for
Pinellas County; Thomas H. Minkoff,
Judge.

Peter Ticktin, Josh Bleil, Kendrick
Almaguer, and Heather Cherapkai of
The Ticktin Law Group, P.A., Deerfield
Beach, for Appellants.

Michael W. Smith of Baker, Donelson,
Bearman, Caldwell & Berkowitz, PC,
Orlando, for Appellee.


NORTHCUTT, Judge.

        Jeffrey and Tawnya Powers appeal the final judgment of foreclosure

entered against them in an action brought by HSBC Bank USA, N.A.  We reverse

because the bank did not establish that it had standing when the original complaint was filed.

HSBC filed the foreclosure suit in its capacity as trustee under the "Pooling and Servicing Agreement dated as of September 1, 2006, Freemont Home Loan Trust 2006-C." In count one of the original and amended complaints, it alleged that it was the holder of the note. However, the note was not attached to either complaint. In their affirmative defenses, the Powers alleged that HSBC did not hold, own, or possess the note and that it did not have the right to enforce the note.

At trial, HSBC called only one witness, Tonya Tillman, a loan analyst with Ocwen Loan Servicing. Tillman testified that Freemont Investment and Loan was the original lender and that the original note, which HSBC introduced into evidence, listed Freemont as the lender. Tillman testified that Freemont originally serviced the loan, Freemont then transferred the loan to Litton Loan Servicing, and Litton subsequently transferred the loan to Ocwen for servicing in September 2011. HSBC Bank entered into evidence a pooling and service agreement dated September 1, 2006, which identified Freemont Mortgage Securities Corporation as the depositor, Freemont Investment and Loan as sponsor, originator, and servicer, and HSBC as trustee. Tillman testified that the closing date on the pooling and servicing agreement was September 7, 2006. HSBC's initial complaint was filed on November 13, 2008.

HSBC's theory at trial was that there had been an equitable transfer of the note because the note was included in the trust assets transferred to HSBC as part of the pooling and servicing agreement. It makes the same argument on appeal. But Tillman did not know the date the Powers' loan was transferred into the trust, and she could not find it listed in the pooling and servicing agreement. Our review of the pooling

and servicing agreement confirms that it did not identify the Powers' loan as being included in the transaction.

Counsel for HSBC advised the trial court that there was an undated, blank endorsement on the note, which was conceded by the Powers. However, the original note, which was filed with the trial court at the same time that it was introduced into evidence, contains no endorsement whatever. When the Powers' attorney asked Tillman whether she knew the date the endorsement was placed on the note, the trial court sustained HSBC's relevance objection.

A party suing to foreclose a mortgage must establish that it had standing at the time the complaint was filed. Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 189 (Fla. 2d DCA 2016) (en banc). A substituted plaintiff acquires only the standing of the original plaintiff. Id. This court in St. Clair v. U.S. Bank National Association, 173 So. 3d 1045, 1046 (Fla. 2d DCA 2015), stated:

> Under section 673.3011, Florida Statutes (2014), a person entitled to enforce a negotiable instrument must be either: (1) the holder of the instrument, (2) a "nonholder in possession of the instrument who has the rights of a holder," or (3) a person not in possession but who has the right to enforce a lost, destroyed, or stolen instrument or an instrument paid by mistake. A holder is a person in possession of the negotiable instrument that is payable either to bearer or to the holder. § 671.201(21)(a), Fla. Stat. (2014). A person in possession of the instrument but who is not the original lender can still be a holder, but only if the instrument bears a special indorsement in his or her favor or a blank indorsement. See McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Absent a special or blank indorsement, "the mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered." Seffar v. Residential Credit Solutions, Inc., 160 So. 3d 122, 125 (Fla. 4th DCA 2015) (quoting McLean, 79 So. 3d at 173).

In the present case, although HSBC was the holder of the note at the time of trial, it did not prove that it was the holder at the time of the filing of the original complaint, as it alleged. The parties are in agreement that any blank endorsement that was on the note was not dated, and it was not established that HSBC possessed the note with a blank endorsement at the time the complaint was filed. See Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310-311 (Fla. 2d DCA 2013) (holding that in order to establish standing, Wells Fargo was required to submit evidence that it was in possession of the original note with the blank endorsement at the time it filed the complaint).

HSBC's attempt to prove an equitable transfer through Tillman's testimony and the pooling and servicing agreement failed because there was no evidence that the Powers' loan was included in the agreement. See Stone v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013) (holding that BankUnited established standing to foreclose where its employee testified at the foreclosure trial that BankUnited acquired all the assets of the original lender pursuant to a purchase assumption agreement prior to the filing of the complaint).

Reversed and remanded with directions to enter judgment for the Powers.


SLEET and SALARIO, JJ., Concur.

- 4 -