# Third District Court of Appeal

## State of Florida

Opinion filed August 8, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-368 and 3D16-2092
Lower Tribunal No. 13-21464

_____


**Wells Fargo Bank N.A., etc.,**
Appellant,

vs.

**Anthony Diz,**
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Jerald Bagley and Pedro P. Echarte, Jr., Judges.

Lapin & Leichtling, LLP, Alejandra Arroyave Lopez and Jan Timothy Williams, for appellant.

Korte & Wortman, P.A., Brian Korte and Scott J. Wortman (West Palm Beach), for appellee.


Before SUAREZ, FERNANDEZ, and SCALES, JJ.

FERNANDEZ, J.

Wells Fargo Bank National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2005-HE5, Mortgage Pass-through Certificates Series 2005-HE5 ("Wells Fargo"), appeals the trial court's January 26, 2016 involuntary dismissal of the cause based on the finding that Wells Fargo lacked standing. Wells Fargo also appeals the January 16, 2017 agreed order as to the amount of attorney's fees and costs. We reverse and vacate the involuntary dismissal for the reasons stated below, and remand for further proceedings. We reverse the fee order as a consequence of our reversal of the involuntary dismissal, without further discussion and without reaching the merits.

On June 18, 2013, Wells Fargo filed a foreclosure cause of action against, *inter alia*, the Appellees, Anthony Diz and Luciann Rodriguez ("Diz"). The complaint alleged Diz defaulted under the note and mortgage held by Wells Fargo in the payment due January 1, 2008 *and all subsequent payments*. Attached to the complaint was a copy of the original note containing a blank indorsement from the originating lender. Also attached to the complaint was a verification from the then loan servicer.

On January 26, 2016, at the bench trial, Wells Fargo entered into evidence the original note, which contained the same blank indorsement as the copy attached to the complaint. Wells Fargo also introduced documentary evidence establishing its constructive possession of the note prior to the time of trial,

2

including prior to the filing of the complaint. Following the close of Wells Fargo's case, Diz made a motion for involuntary dismissal. The trial court granted the motion for involuntary dismissal based on a finding that Wells Fargo "failed to legally establish that the note was properly assigned to establish standing." This consolidated appeal followed.

Standing

We review the trial court's standing determination *de novo*. Fed. Nat'l Mortg. Ass'n v. McFayden, 194 So. 3d 418 (Fla 3d DCA 2016). We find that Wells Fargo presented sufficient evidence of its standing to sue, and reverse the trial court's involuntary dismissal.

Standing to foreclose must be demonstrated with competent, substantial evidence at the time of filing the lawsuit. See § 702.015, Fla. Stat. (2013); Fla. R. Civ. P. 1.115.; McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Under section 673.3011, Florida Statutes (2013), negotiable instruments may be enforced by a holder, a non-holder in possession who has the rights of the holder, or a person not in possession who nevertheless is entitled to enforce the note. A "holder" is defined as, *inter alia*, "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2013). A "bearer" is defined as, *inter alia, "*a person in possession of a negotiable instrument [. . .] that

3

is payable to bearer or indorsed in blank." § 671.201(5), Fla. Stat. (2013). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." § 673.2051(2), Fla. Stat. 2013.

In Ortiz v. PNC Bank, National Association, 188 So. 3d 923, 925 (Fla. 4th DCA 2016), the Fourth District Court of Appeal held that where a copy of a note is attached to a complaint and the plaintiff later files with the court the original note in the same condition as the copy attached to the complaint, the combination of such evidence is sufficient to establish that the plaintiff had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary. . Here, Wells Fargo entered into evidence the original note, which contained the same blank indorsement as the copy attached to the complaint. Under Ortiz, this would be sufficient to establish that Wells Fargo had actual possession of the note at the time of filing.

In addition, Wells Fargo's standing was not defeated by its constructive possession of the note because Wells Fargo adequately established its agency relationship with the loan servicer. When an agency relationship exists, possession may be actual or constructive. See McFayden, 194 So. 3d at 422-23 (Fla. 3d DCA 2016); Caraccia v. U.S. Bank, Nat'l Ass'n, 185 So. 3d 1277, 1280 (Fla. 4th DCA

4

2016). Physical possession of a note by an agent gives the principal constructive possession, sufficient to establish standing, so long as the principal retains the power to exercise control over the note. Deustsche Bank Nat'l Trust Co. v. Mobley, 212 So. 3d 511, 513 (Fla. 3d DCA 2017); Fed. Nat'l Mortg. Ass'n v. Rafaeli, 225 So. 3d 264, 267 (Fla. 4th DCA 2017). Here, Wells Fargo presented sufficient evidence of its constructive possession of the note and its agency relationship with the loan servicer. The record does not contain testimony or evidence to the contrary. Therefore, we reverse the trial court's involuntary dismissal.

### Statute of Limitations

In the alternative, Diz argues that even if Wells Fargo sufficiently proved its standing to bring the foreclosure action, the involuntary dismissal was right for the wrong reason because the cause was barred under the applicable statute of limitations. § 95.11(2)(c), Fla. Stat. (2013). There is no basis, in the record, which would support this argument.[1]

Wells Fargo averred that Diz defaulted under the note and mortgage held by Wells Fargo in the payment due January 1, 2008 and all subsequent payments. In

---

[1] Under the tipsy coachman doctrine, where the trial court "reaches the right result, but for the wrong reasons," an appellate court can affirm the decision only if "there is any theory or principle of law *in the record* which would support the ruling." Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002) (emphasis added) (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644 (Fla. 1999).

Dhanasar v. JP Morgan Chase Bank, N.A., 201 So. 3d 825 (Fla. 3d DCA 2016), we held that where the foreclosing party alleged a failure to pay a specific payment and all subsequent payments, and the action was filed within five years of a default payment, the action survived the asserted statute of limitations bar. "[T]he statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." Bartram v. U.S. Bank Nat'l Ass'n, 211 So. 3d 1009, 1019 (Fla. 2016); -see also Bank of New York Mellon Corp. v. Anton, 230 So. 3d 502 (Fla. 3d DCA 2017). Here, Wells Fargo alleged and proved that Diz made no payments from January 1, 2008 onwards (all subsequent payments). Moreover, the record does not contain evidence that Diz made any payments since January 1, 2008, or that the date of acceleration was more than five years prior to the filing of the complaint. Therefore, we find no basis in the record to support the argument that the complaint was time-barred.

We reverse and remand for entry of judgment in favor of Wells Fargo.

Reversed and remanded.