DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,**
Appellant,

v.

**DENNIS M. CONLEY**, et al.,
Appellees.

No. 4D14-2430

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Judge; L.T. Case No. 502009CA017365.

Melissa A. Giasi of Kass Shuler, P.A., Tampa, for appellant.

Brian K. Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellee Dennis M. Conley.

STEVENSON, J.

In this foreclosure case, the trial court granted the borrower's motion for involuntary dismissal because the bank did not present competent substantial evidence of its standing to foreclose. We affirm.

The record in this case reveals that, at one time or another, at least six different banking entities claimed ownership of the borrower's note. The problem is not the number of entities claiming ownership, but the similarities of their names. Two of the entities are:

- *JP Morgan Chase Bank*; and
- *JP Morgan Chase & Co.*

Two others are:

- *Bank of New York Company, Inc.*; and
- *The Bank of New York Mellon Trust Company, National Association*

We write to emphasize that when a nonholder in possession attempts to establish its right to enforce a note, and thus its standing to foreclose, the precise identity of each entity in the chain of transfers is crucial.

At bar, the plaintiff is:

> The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank N.A. as Trustee for RASC 2004KS4 [hereinafter "the Bank of New York Mellon"].

In pursuit of this foreclosure, the Bank of New York Mellon presented an original note bearing a special indorsement in favor of "JP Morgan Chase Bank, as Trustee."[1] At trial, a witness for the Bank of New York Mellon testified that the note was deposited into a trust with JP Morgan Chase Bank as the original trustee. The witness also testified that the Bank of New York Mellon became the successor trustee in April of 2006.

An excerpt of a Pooling and Servicing Agreement (PSA) was placed into evidence. The PSA created the Residential Asset Securities Corporation Series 2004-KS4 Trust and listed JPMorgan Chase Bank as the trustee. The witness agreed that the PSA did *not* establish that the Bank of New York Mellon had any interest in the note.

A 200+ page document was placed into evidence entitled "Purchase and Assumption Agreement by and between the *Bank of New York Company, Inc. and JPMorgan Chase & Co.*" (emphasis added). This purchase agreement was dated April 7, 2006. The witness was under the impression that the agreement established that the plaintiff purchased the trust assets of JP Morgan Chase Bank. However, the document contradicts his testimony. Neither the plaintiff (the "*Bank of New York Mellon Trust Company, N.A.*") nor the indorsee on the note and trustee of the RASC 2004KS4 Trust ("*JP Morgan Chase Bank*") are parties to the purchase and assumption agreement.

"When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person." § 673.2051(1), Fla. Stat. (2014). Where a bank is seeking to

---

[1] The original lender was Home Loan Corporation dba Expanded Mortgage Credit. The note bears two special indorsements: (1) Home Loan Corporation → Residential Funding Corporation; (2) Residential Funding Corporation → JP Morgan Chase Bank, as Trustee.

enforce a note which is specially indorsed to another, the bank is a nonholder in possession. *Murray v. HSBC Bank USA*, 157 So. 3d 355, 358 (Fla. 4th DCA), *review dismissed*, 171 So. 3d 117 (Fla. 2015). A nonholder in possession may prove its right to enforce the note through:

> (1) evidence of an effective transfer;
> (2) proof of purchase of the debt; or
> (3) evidence of a valid assignment.

*See Lamb v. Nationstar Mortg., LLC*, 174 So. 3d 1039, 1040 (Fla. 4th DCA 2015). A nonholder in possession must account for its possession of the instrument by proving the transaction (or series of transactions) through which it acquired the note. *Murray*, 157 So. 3d at 358.

At bar, the plaintiff attempted to prove its right to enforce the note through proof of purchase of the debt. The plaintiff's proof of purchase, however, is an agreement between two entities that have no relationship to either the plaintiff or the indorsee. At most, the agreement establishes that somehow JP Morgan Chase & Co. became the trustee for the RASC 2004KS4 Trust and transferred/sold its interest in the trust to a company called The Bank of New York Company. The Agreement does not connect the indorsee of the note (JP Morgan Chase Bank) to the plaintiff (the Bank of New York Mellon).

This issue was discussed in *Verizzo v. Bank of New York*, 28 So. 3d 976 (Fla. 2d DCA 2010). There, the Bank of New York attempted to foreclose on a note indorsed to JPMorgan Chase Bank, as Trustee. *Id.* at 977. At summary judgment, the Bank of New York produced an assignment between MERS and the Bank of New York. Reversing summary judgment, the court found:

> The promissory note shows that Novastar endorsed the note to "JPMorgan Chase Bank, as Trustee." *Nothing in the record reflects assignment or endorsement of the note by JPMorgan Chase Bank to the Bank of New York or MERS.* Thus, there is a genuine issue of material fact as to whether the Bank of New York owns and holds the note and has standing to foreclose the mortgage.

*Id.* at 978 (emphasis added).

At bar, there is nothing in the record connecting the indorsee, JP

3

Morgan Chase Bank, to the plaintiff, the Bank of New York Mellon.[2]  The plaintiff thus failed to prove the series of transactions through which it acquired the note from the original lender.  *Murray*, 157 So. 3d at 358–59.  For this reason, the Bank of New York Mellon did not establish its standing as nonholder in possession with the rights of a holder, and the defendant's motion for involuntary dismissal was properly granted.

*Affirmed.*

WARNER and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] We have not overlooked the plaintiff's other evidence (an "officer's certificate" and an assignment).  The officer's certificate incorrectly identifies the parties to the purchase and assumption agreement and cannot be relied on by the plaintiff to establish the chain of transfers.  The assignment, which purports to assign the mortgage from MERS to the plaintiff in May of 2009, is ineffective because according to the testimony and the PSA, MERS had no interest to assign after 2004 when the loan was placed in the trust.

4