NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NGOC T. PHAN, )
)
      Appellant, )
)
v. ) Case No. 2D14-3364
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE FOR FIRST )
FRANKLIN MORTGAGE LOAN TRUST )
2006-FF11, )
)
      Appellee. )
_____ )

Opinion filed February 26, 2016.

Appeal from the Circuit Court for Pinellas
County; Ray E. Ulmer, Jr., Judge.

Heather Cherepkai, Peter Ticktin, Josh
Bleil, and Kendrick Almaguer of The
Ticktin Law Group, P.A., Deerfield
Beach, for Appellant.

Donna L. Eng, Michael K. Winston, and
Dean A. Morande of Carlton Fields
Jorden Burt, P.A., West Palm Beach,
for Appellee.


LUCAS, Judge.

Ngoc Phan appeals the final judgment of foreclosure entered in favor of Deutsche Bank. Finding no error, we affirm the judgment in all respects. We write to address one of Deutsche Bank's arguments for affirmance in order to explain the effect an agency relationship may have for proving standing in foreclosure proceedings.

I.

Deutsche Bank initiated a foreclosure action against Ms. Phan on April 28, 2009, alleging she had failed to make her loan payments on her Pinellas County home since January 1, 2009. Ms. Phan denied the Bank's allegations and raised, as an affirmative defense, that Deutsche Bank did not have standing at the time it filed its foreclosure lawsuit.

At trial, Ms. Phan developed this defense further. She argued that Deutsche Bank lacked standing because it was not the holder of her note when it filed its complaint. The testimony presented by a Wells Fargo representative, Deborah Kavalary, confirmed that Wells Fargo had possession of Ms. Phan's original note at the time Deutsche Bank filed its lawsuit. Ms. Kavalary testified that Wells Fargo was the authorized servicer of Ms. Phan's loan. According to Ms. Phan, this evidence demonstrated Deutsche Bank's lack of standing, because Deutsche Bank did not actually possess her note at the time the foreclosure action commenced.

However, Ms. Kavalary also testified that Wells Fargo, in addition to servicing Ms. Phan's loan, was an agent of Deutsche Bank:

> PLAINTIFF: All right. I want to go back to the relationship between Wells Fargo and the trust. Can you explain that to the Court. What is Well Fargo's role with the plaintiff, Deutsche Bank?
>
> MS. KAVALARY: We are the servicer.

PLAINTIFF:  Would you be considered an agent of the plaintiff?

MS. KAVALARY:  Yes.

. . . .

PLAINTIFF:  Based on your records, what date did Wells Fargo acquire the note?

MS. KAVALARY:  It was in early 2006.  I would need the exact date from the image viewer.  It was in 2006.

PLAINTIFF:  So you-all had physical possession of the note in 2006?

MS. KAVALRY:  Correct.

. . . .

PLAINTIFF:  And as an agent of the plaintiff, are you authorized to hold the note for them?

MS. KAVALARY:  Yes.

Ms. Phan never objected to this testimony.  Nor did she dispute, either below or on appeal, Wells Fargo's assertion that it had an agency relationship with Deutsche Bank.  As we will explain, that agency relationship between Wells Fargo and Deutsche Bank could expand the reach of Deutsche Bank's possession of Ms. Phan's note to include its agent, Wells Fargo's, possession.

II.

A.

We begin with the underlying premise of Ms. Phan's argument concerning standing.  We have held that a plaintiff's standing to maintain a foreclosure cause of action must be rooted at the time it files its complaint.  See, e.g., Country Place Cmty.

Ass'n v. J.P. Morgan Mortg. Acquisition Corp., 51 So. 3d 1176, 1179 (Fla. 2d DCA 2010) ("Because J.P. Morgan did not own or possess the note and mortgage when it filed its lawsuit, it lacked standing to maintain the foreclosure action."). In the context of mortgage foreclosure claims, a plaintiff's standing often turns on whether it was the lawful holder of a borrower's underlying promissory note. See Wells Fargo Bank, N.A. v. Morcom, 125 So. 3d 320, 321-22 (Fla. 5th DCA 2013) (reversing summary judgment entered in favor of Morcom and remanding for further proceedings, finding that the note endorsed in blank conveyed standing to Wells Fargo); Dixon v. Express Equity Lending Grp., 125 So. 3d 965, 967-68 (Fla. 4th DCA 2013) (reversing a final judgment of foreclosure where the holder of the note was a third party and not the plaintiff); Lyttle v. BankUnited, 115 So. 3d 425, 425-26 (Fla. 5th DCA 2013) (reversing a final summary judgment of foreclosure where material questions of fact existed as to whether the plaintiff was the owner and holder of the note).

The requirement of holding a note as proof of standing derives from the Florida Uniform Commercial Code. See § 673.3011(1), Fla. Stat. (2008) ("The term 'person entitled to enforce' an instrument means: the holder of the instrument[.]"). To hold a note under the Uniform Commercial Code ordinarily connotes possession of the document itself. See § 671.201(21)(a), Fla. Stat. (2008) (" 'Holder' means: The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"); St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1046 (Fla. 2d DCA 2015).[1] Thus, in order for a plaintiff to claim

---

[1]Because Ms. Phan's note was indorsed in blank, we are not concerned with the frequently litigated subject of whether or not Deutsche Bank was a holder in due course of her note.

standing based upon a note indorsed in blank, the plaintiff must show that it had lawful possession of the original note indorsed in blank at the time the lawsuit was filed.  Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013); McClean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012).  Under the law, without the requisite proof of possession at the time a foreclosure action is commenced, the plaintiff's status as the holder of the note—and, hence, its authority to enforce the note in foreclosure—remains unproven, and its complaint untenable.  See Focht, 124 So. 3d at 310-11.

In the case at bar, Ms. Phan claims that Deutsche Bank was not the holder of her note when it filed its foreclosure lawsuit because it did not possess her note at that time.  Ms. Phan was correct, to a point: Deutsche Bank did not have direct possession of her note at the time it filed its lawsuit.  That alone, however, was not dispositive to the issue of its standing.  While it is true that Deutsche Bank never had direct possession of the note, as we will explain next, it did have constructive possession of the note when its foreclosure complaint was filed—by virtue of its agent Wells Fargo's possession.

B.

An agent may, within the scope of its agency, hold property on its principal's behalf.  Cf. Francis Reynolds, English Private Law § 9.23, at 621 (Andrew Burrows ed., 3d ed. 2013) ("An agent may hold goods for his principal as bailee . . . .").  In such instances, it is said that the principal, who both owns the property held by the agent and bears authority to direct the agent's actions concerning that property, has constructive possession of the property.  See Deakter v. Menendez, 830 So. 2d 124,

- 5 -

128 (Fla. 3d DCA 2002) (holding that if a principal's agent had physical custody of an original note when it was lost, and the principal had the power to exercise control over it, then the principal had constructive possession of the note and standing to file a complaint for breach of the lost note); Bush v. Belenke, 381 So. 2d 315, 316 (Fla. 3d DCA 1980) (noting that constructive possession exists where a person "has such control over the property that he may deliver the possession of it, if he so desires, as for example, where the agent holds property for his principal"); see also Locks v. N. Towne Nat'l Bank of Rockford, 451 N.E.2d 19, 21 (Ill. App. Ct. 1983) ("[A] principal's constructive possession through his agent's physical possession may render the principal a holder of commercial paper."); Utica Nat'l. Bank & Trust Co. v. Associated Producers Co., 622 P.2d 1061, 1065 n.15 (Okla. 1980) ("In a principal-and-agent relationship all funds collected for the principal, minus proper deduction due the agent, remain, at all times, in the constructive possession of the principal.").

We have not found a published Florida court decision that applies the principle of constructive possession to establish standing in the context of a residential mortgage foreclosure case. But we see no reason why such an established axiom of agency law would not be apt. Several courts from our sister states have held that a principal can establish its standing to foreclose a mortgage through its agent's possession of a promissory note. See, e.g., Midfirst Bank, SSB v. C.W. Haynes & Co., Inc., 893 F.Supp. 1304, 1314 (D.S.C. 1994) (holding that under the UCC "constructive possession exists when an authorized agent of the owner holds [a] note on behalf of the owner"); In re Phillips, 491 B.R. 255, 261-62 (Bankr. D. Nev. 2013) (finding that an agent could hold a note on behalf of a principal under the UCC to confer standing on the

principal to enforce the note); Billingsley v. Kelly, 274 A.2d 113, 118 (Md. 1971) (observing that the concept of constructive possession of a note applied under the UCC); Lazidis v. Goidl, 564 S.W.2d 453, 455 (Tex. App. 1978) (holding that in a summary judgment proceeding on a note, plaintiff showed that it was the owner and holder of the note where the plaintiff's agent had physical possession of the note).

Legal commentators on the Uniform Commercial Code have reached the same conclusion: an agent's possession of property for its principal makes the principal a holder of that property. See Lary Lawrence, Lawrence's Anderson on the Uniform Commercial Code § 1–201:265 (3d ed. 2012) ("As the UCC does not define 'delivery' or 'possession,' the non-UCC concept of delivery to an agent whose principal then has constructive possession remains in force, because not displaced. Such possession required to qualify a person as a 'holder' may be a constructive possession by delivery to another on that person's behalf. Thus, a person is a 'holder' of a negotiable instrument when it is in the physical possession of his or her agent." (footnotes omitted)); Restatement (Third) of Agency § 8.12 cmt. b (Am. Law Inst. 2006) ("An agent's possession or control of property on behalf of a principal is tantamount for many purposes to possession or control by the principal. . . . [including the] definition of 'holder' of [an] instrument and document of title [under the UCC § 1–201(b)(21)]."); 1 Ronald A. Anderson, Anderson on the Uniform Commercial Code § 1–201:265 (3d ed. 1981) ("[The] . . . possession required to qualify a person as a 'holder' may be a constructive possession by delivery to another on that person's behalf. Thus, a person is a 'holder' of a negotiable instrument when it is in the physical possession of his or her agent.").

In sum, an agent may hold commercial paper on behalf of its principal, and when it does, the principal constructively possesses the commercial paper. Therefore, where an agent holds a mortgage note on behalf of its principal, the principal has constructive possession of the note and standing to file a complaint for foreclosure as a holder under section 673.3011(1).

C.

Applying this principle, we now turn our attention to the evidence presented below that Deutsche Bank constructively held the note through its agent, Wells Fargo, so that it had standing at the time it filed its foreclosure complaint against Ms. Phan.

In Florida, both standing to foreclose and the existence of an agency relationship must be demonstrated by competent, substantial evidence. See Stone v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013) (concluding that BankUnited presented competent, substantial evidence that it had standing to foreclose); McCabe v. Howard, 281 So. 2d 362, 363 (Fla. 2d DCA 1973) ("The existence of an agency [relationship] may be shown by any substantial evidence, either direct or circumstantial." (citing Fin. Fire & Cas. Co. v. Southmost Vegetable Co-op Ass'n, 212 So. 2d 69 (Fla. 3d DCA 1968); Smith v. Texas, 149 So. 585 (Fla. 1933))).

At the trial, Ms. Kavalary testified and provided documentary evidence that Wells Fargo held Ms. Phan's note on behalf of Deutsche Bank, its principal, at the time Deutsche Bank filed the complaint. And it was clear from the evidence that Wells Fargo serviced the note for the benefit of Deutsche Bank. It can also be reasonably inferred from the proceeding itself that Wells Fargo was Deutsche Bank's agent as it produced

both Ms. Kavalary and the record evidence at Deutsche Bank's behest throughout the course of the proceedings below.

Had the point been argued, this quantum of evidence might have fallen short of proving an agency relationship, because, as some courts have held, an agency relationship cannot ordinarily be proven solely through the statements of the purported agent.  See, e.g., Bellaire Sec. Corp. v. Brown, 168 So. 625, 636 (Fla. 1936) ("[T]he authority of an agent cannot be established merely by proof of its own declarations made to a third party, in the absence of the principal."); Orange Belt Ry. Co. v. Cox, 33 So. 403, 404 (Fla. 1902) ("The authority of the alleged agent was denied by the company, and the plaintiff was permitted, over the objection of defendant, in establishing such agency, to testify to representations made by Sweetapple that he was such agent. This was error, as agency cannot be so proven."); but see Rhodes v. Edward K. Tryon Co., 182 So. 301 (Fla. 1938) (holding that an alleged agent is competent to prove his or her own authority through testimony and parol evidence). However, that argument was never raised.  See Hentze v. Denys, 88 So. 3d 307, 310 (Fla. 1st DCA 2012) (recognizing the principle that for an issue to be cognizable on appeal, it must be raised in the proceedings below).  In the absence of any objection or argument to the contrary, we are satisfied that the record below supported a finding that an agency relationship existed between Wells Fargo and Deutsche Bank.  See, e.g., Deakter, 830 So. 2d at 128 (holding that the trial court erred in granting summary judgment for the debtor where the principal swore under oath that he did not assign or transfer the note but rather placed it into the physical possession of his agent before it was destroyed, and the debtor offered no evidence in rebuttal); In re Phillips, 491 B.R.

at 262, 264 (finding that Seterus, Inc., was Fannie Mae's agent by virtue of industry customs, an agreement that Seterus, Inc., would service Fannie Mae's note, and the absence of any rebuttal evidence); Lazidis, 564 S.W.2d at 454-55 (finding that testimonial affidavits were sufficient to show that a relative and attorney were, at separate times, the agents of the principal).

III.

We hold that a plaintiff may demonstrate by competent, substantial evidence its standing to foreclose a mortgage under section 637.0311 where it has constructive possession of a mortgage note through its agent at the time it files a complaint for foreclosure. Under the facts of this case, Deutsche Bank met that burden. The final judgment of foreclosure is, therefore, affirmed.

Affirmed.

WALLACE and CRENSHAW, JJ., Concur.