NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


EUGENE M. ROSA and LAURA I. ROSA,   )
                                    )
            Appellants,             )
                                    )
v.                                  )       Case No. 2D14-5710
                                    )
DEUTSCHE BANK NATIONAL TRUST        )
CO., as Trustee for Fremont Home Loan )
Trust 2006-1,                       )
                                    )
            Appellee.               )
_____)

Opinion filed May 13, 2016.

Appeal from the Circuit Court for Pinellas
County; Karl B. Grube, Associate Senior
Judge.

Eugene M. Rosa and Laura I. Rosa, pro se.

Sara F. Holladay-Tobias, Emily Y.
Rottmann, and Sarah J. Hulsberg of
McGuireWoods LLP, Jacksonville, for
Appellee.


CASANUEVA, Judge.

Eugene and Laura Rosa challenge the final judgment of foreclosure

entered in favor of Deutsche Bank following a bench trial.  The Rosas argue that

Deutsche Bank failed to establish that it had standing to file suit at the inception of the

foreclosure action.  We agree and reverse.

The Rosas defaulted on the loan in January 2009. Deutsche Bank, which was not the original lender, filed a two-count complaint for foreclosure and reestablishment of a lost note in April 2009. Deutsche Bank subsequently filed the original mortgage and note with an undated, blank endorsement, and it amended its complaint to drop the lost note count.[1] At trial, Deutsche Bank called Mr. and Mrs. Rosa and a loan verification analyst for Wells Fargo, the servicer of the loan. The loan verification analyst testified that Wells Fargo became the servicer on July 1, 2006, at which time Wells Fargo obtained the loan information through its boarding process. He also testified that it was the business practice of Wells Fargo to obtain the original note on or about the time it began servicing the loan.

It is well settled that a plaintiff seeking to foreclose on a mortgage loan must establish that it had standing to foreclose at the time it filed the complaint. May v. PHH Mortg. Corp., 150 So. 3d 247, 248 (Fla. 2d DCA 2014); McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). A plaintiff alleging standing as a holder "must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper)." Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 353 (Fla. 1st DCA 2014); see also Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) ("To establish standing as the holder of a note endorsed in blank, a party must be in possession of the original note."). Further, "[w]here the plaintiff's status as holder relies on a blank indorsement, the

---

[1]The Rosas challenged Deutsche Bank's standing in response to both the original complaint and the amended complaint.

plaintiff must establish that it had possession of the original note, indorsed in blank, when the complaint was filed." Calvo v. U.S. Bank Nat'l Ass'n, 181 So. 3d 562, 564 (Fla. 4th DCA 2015); see also Eagles Master Ass'n v. Bank of Am., N.A., 40 Fla. L. Weekly D1510, D1510 (Fla. 2d DCA June 26, 2015).

In this case, Deutsche Bank asserted standing as the holder of a note endorsed in blank. However, there was no testimony that Deutsche Bank was in physical possession of the original note at the time the lawsuit was filed. The witness from Wells Fargo was unable to provide any testimony as to Deutsche Bank's acquisition of the note, stating, "I'm not sure what Deutsche Bank's acquisition information is." The only testimony as to possession of the note suggests that Wells Fargo, not Deutsche Bank, was the last entity to have possession of the note prior to the filing of the complaint.[2] Accordingly, the record in this case does not establish that Deutsche Bank had standing to foreclose at the time it filed its complaint.

Because Deutsche Bank failed to prove that it had standing to foreclose, we reverse and remand for the trial court to enter an order of involuntary dismissal. See May, 150 So. 3d at 249.

Reversed and remanded with instructions.

MORRIS and SALARIO, JJ., Concur.

---

[2]Deutsche Bank did not argue below or on appeal that it had constructive possession of the note by virtue of Wells Fargo's possession, nor was there any testimony that Wells Fargo was acting as an agent for Deutsche Bank and authorized to hold the note on its behalf. Cf. Phan v. Deutsche Bank Nat'l Trust Co., 41 Fla. L. Weekly D516 (Fla. 2d DCA Mar. 4, 2016) (holding that plaintiff established standing through constructive possession of a note through its agent at the time the foreclosure complaint was filed).