# Third District Court of Appeal

## State of Florida

Opinion filed March 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1934
Lower Tribunal No. 12-30553
_____

**Deutsche Bank National Trust Company, etc.,**
Appellant,

vs.

**Melody Gaskin Mobley,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Bryan Cave and W. Bard Brockman (Atlanta, Ga.) and Zina Gabsi, for appellant.

Catherine A. Riggins, for appellee.

Before WELLS, SALTER and EMAS, JJ.

SALTER, J.

Deutsche Bank National Trust Company ("Deutsche Bank") appeals an order involuntarily dismissing Deutsche Bank's residential mortgage foreclosure action against the appellee, Melody Gaskin Mobley. Ms. Mobley defended the foreclosure action as the personal representative of the estate of her late mother, Virginia Gaskin, who passed away in 2011.[1] Following the close of Deutsche Bank's case in the non-jury trial, the trial court granted Ms. Mobley's motion for involuntary dismissal based on a purported lack of standing at the inception of the case. For the reasons which follow, we reverse and remand the case for further proceedings.

When the foreclosure complaint was filed in August 2012, a copy of the original note, endorsed in blank, was attached to the complaint. In September of 2013, Deutsche Bank filed the original promissory note and mortgage; a special endorsement to Deutsche Bank was included.

At trial, Deutsche Bank's witness was an officer from the servicing company for Deutsche Bank, Ocwen Financial Corporation. The witness testified to the delivery of the original note and mortgage to Ocwen in preparation for litigation, the defaults and default letters, the payment history,[2] and Ocwen's

_____

[1] Ms. Mobley's father, Clarence Gaskin, signed the note and mortgage with Virginia Gaskin in 2006. Mr. Gaskin passed away in 2010, and title to the encumbered property became vested in his wife, Virginia Gaskin. Title passed to Ms. Mobley when Virginia Gaskin's estate was probated.

[2] Default occurred in September 2009, and no payments were made from that date

recordkeeping. She explained that the note had been returned to Deutsche Bank for an additional and specific endorsement before the complaint was filed, and that Deutsche Bank had possession of the original note and mortgage when the complaint was filed.

The Bank's clarification of a blank endorsement did not vitiate its standing to initiate the foreclosure case on either endorsement, given its possession of the original note and mortgage when the complaint was filed. Morgan v. Bank of New York Mellon, 200 So. 3d 792, 796 (Fla. 1st DCA 2016). Deutsche Bank's clarification of the endorsement only supports Deutsche Bank's standing. Section 673.2051(3), Florida Statutes (2016), specifies that a "holder may convert a blank indorsement that consists only of a signature into a special indorsement by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable."[3]

Ms. Mobley made the argument below and here that the lender and its servicer are different entities and that physical possession of the note by one of them must exclude possession by the other. In reality, however, "[p]ossession of a note by a third party agent such as a servicer or law firm, gives the 'owner' of the note constructive possession sufficient to establish standing as the note's holder."

through the 2016 bench trial.

[3] Why the Uniform Commercial Code prefers "indorsement" to the more common American usage, "endorsement," can remain a mystery for purposes of this opinion.

3

U.S. Bank, Nat'l Ass'n v. Angeloni, 199 So. 3d 492, 493 (Fla. 4th DCA 2016);

Phan v. Deutsche Bank Nat'l Trust Co., ex rel. First Franklin Mortg. Loan Trust 2006-FF11, 198 So. 3d 744, 748 (Fla. 2d DCA 2016) (citing Third District cases, among others, for the proposition that physical possession by an agent is constructive possession by the principal, conferring standing for the principal's complaint for breach).[4]

Ms. Mobley's additional arguments do not merit further elaboration. As a matter of law, Ms. Mobley's motion for involuntary dismissal should have been denied. We reverse the final order of dismissal and remand the case for further proceedings.

---

[4] Although promulgated after the complaint was filed in the present case, section 702.015, Florida Statutes (2016), Florida Rule of Civil Procedure 1.115 and Forms 1.944(a) and (b) have since clarified the manner in which a lender or its agent must certify, at inception of the foreclosure case, that it is the owner and holder of a note and mortgage, or is otherwise entitled to commence the action on the note and mortgage.