NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEONARDO N. DiGIOVANNI,                    )
                                           )
           Appellant,                      )
                                           )
v.                                         )          Case No. 2D15-4180
                                           )
DEUTSCHE BANK NATIONAL TRUST               )
COMPANY f/k/a BANKERS TRUST                )
COMPANY OF CALIFORNIA,                     )
NATIONAL ASSOCIATION, AS                   )
TRUSTEE FOR VENDEE MORTGAGE                )
TRUST 1999-3, UNKNOWN SPOUSE               )
OF LEONARDO N. DIGIOVANNI; CITY            )
OF CAPE CORAL, FLORIDA, A                  )
MUNICIPAL CORPORATION;                     )
UNKNOWN TENANT #1 n/k/a KIM                )
MITCHELL; UNKNOWN TENANT #2                )
n/k/a CHARLIE MITCHELL;                    )
UNKNOWN TENANT #3; UNKNOWN                  )
TENANT #4; AND OTHER UNKNOWN                )
PARTIES, INCLUDING THE                     )
UNKNOWN SPOUSE OF ANY TITLE                )
HOLDER IN POSSESSION OF THE                )
PROPERTY; AND, IF A NAMED                   )
DEFENDANT(S) IS DECEASED, THE              )
SURVIVING SPOUSE, HEIRS,                    )
DEVISEES, GRANTEES, CREDITORS,             )
AND ALL OTHER PARTIES CLAIMING             )
BY, THROUGH, UNDER OR AGAINST              )
THAT DEFENDANT(S); AND THE                  )
SEVERAL AND RESPECTIVE                     )
UNKNOWN ASSIGNS, SUCCESSORS                 )
IN INTEREST, TRUSTEES OR OTHER             )
PERSONS CLAIMING BY, THROUGH,              )
UNDER OR AGAINST ANY                       )
CORPORATION OR OTHER LEGAL                  )

ENTITY NAMED AS A DEFENDANT(S);  )
and ALL CLAIMANTS, PERSONS OR  )
PARTIES, NATURAL OR  )
CORPORATE, OR WHOSE EXACT  )
LEGAL STATUS IS UNKNOWN,  )
CLAIMING UNDER ANY OF THE  )
ABOVE NAMED OR  )
DESCRIBED DEFENDANT(S),  )
 )
       Appellees.  )
_____)

Opinion filed April 5, 2017.

Appeal from the Circuit Court for Lee
County; Hugh E. Starnes, Senior Judge.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellant.

Mary J. Walter of Liebler, Gonzalez &
Portuondo, Miami, for Appellee Deutsche
Bank National Trust Company f/k/a
Bankers Trust Company of California,
National Association, as Trustee for
Vendee Mortgage Trust 1999-3.

No appearance for remaining Appellees.


KHOUZAM, Judge.

      Leonardo N. DiGiovanni appeals the final judgment of foreclosure entered

against him and in favor of Deutsche Bank National Trust Company f/k/a Bankers Trust

Company of California, National Association, as Trustee for Vendee Mortgage Trust

1999-3.  Because Deutsche Bank failed to show standing to foreclose, we reverse.

      On May 3, 2012, Deutsche Bank National Trust Company f/k/a Bankers

Trust Company of California, National Association, as Trustee for Vendee Mortgage

Trust 1999-3 filed a foreclosure complaint against DiGiovanni seeking to reestablish a

lost note.  In count one, the complaint alleged that plaintiff or its predecessor was in possession and was entitled to enforce the note when it was lost or destroyed.  In count two, the complaint alleged that the note and mortgage had been executed by DiGiovanni on June 21, 1999, and he had failed to make his payments since August 1, 2009.  Attached to the complaint were copies of the note and mortgage, showing that the original lender was U.S. Department of Veterans Affairs.  Also attached was a copy of an assignment transferring the mortgage from U.S. Department of Veterans Affairs to Bankers Trust Company of California, N.A., as Trustee for Vendee Mortgage Trust 1999-3.

At trial, a mortgage resolution associate from Bank of America, N.A., testified that Bank of America was the servicer of the mortgage.  She stated that Bank of America had possession of the note on or about October 29, 1999, when it was transferred to former foreclosure counsel for a previous foreclosure case.  The note was lost in transition back to Bank of America.  A copy of the note was admitted into evidence.  It bore a specific endorsement to Bankers Trust Company of California, N.A., as Trustee for Vendee Mortgage Trust 1999-3 and was dated October 28, 1999.  A copy of the assignment transferring the mortgage to Bankers Trust was admitted, though Deutsche Bank noted that it was not relying on the assignment.  A breach letter and payment history were also admitted.  But none of these documents showed that Deutsche Bank was formerly Bankers Trust or that Deutsche Bank was the current trustee for Vendee Mortgage Trust 1999-3.  Indeed, when the mortgage resolution associate from Bank of America was specifically asked if she had any document to illustrate that Deutsche Bank National Trust Company was formerly known as Bankers

Trust Company of California, she admitted that she did not.  DiGiovanni argued that without such a document, Deutsche Bank could not show standing to foreclose.

After the defense rested, the judge stated that he needed to take a break to consider the standing issue: "I'm going to go up to my office where I can look on my computer and see what I can do."  When the judge returned, he made clear that the evidence as presented was insufficient to establish Deutsche Bank's standing.  However, he explained that during the break he had run a Google search and found Deutsche Bank's institutional history on the National Information Center's[1] website showing that Bankers Trust had been renamed Deutsche Bank in 2002:

> [W]ell, there's no documentation, I think I have to rule in favor of the defendant because it's different entity. . . .  [T]he plaintiff normally, of course, has submitted something through the Federal research that actually shows if there's been a change of name or something, and of course I didn't know it was merger, there was no evidence, and [defense counsel] made that clear from his calling [the mortgage resolution associate].  And—but I thought, do I need to consider, in the interest of justice, allowing the plaintiff, if there is something that is virtually public record, to ask me to take judicial notice if that's the only failing.  And that's where I came down to, that's the only thing that I think failed in the plaintiff's proof and so I just thought, you know, if it really is that obvious, something like that, or that clear, I'll Google it.  So I Google Bankers Trust Company of California and I printed out what came up, National Information Center, United States Federal Reserve System, and this is what usually comes up.  And I've taken judicial notice in other cases when somebody's submitted something like that . . . .  See, I put in Bankers Trust Company and this is what came up, institutional history for Deutsche Bank and what it shows . . . Bankers Trust Company of California was renamed

---

[1]The National Information Center is "a central repository of data about banks and other institutions for which the Federal Reserve has a supervisory, regulatory, or research interest, including both domestic and foreign banking organizations operating in the United States."  Nat'l Info. Ctr., NIC Home, https://www.ffiec.gov/nicpubweb/nicweb/NicHome.aspx (last visited Feb. 28, 2017).

> Deutsche Bank National Trust Company. . . .  I think that's
> the type of thing that I should take judicial notice of.  Since
> that's something new, I'll give [defense counsel] a shot at
> anything he wants to say about that, but it's so obvious that I
> think I should take notice of it.

DiGiovanni pointed out that Deutsche Bank had the burden of proof, that Deutsche Bank had not presented this document, and that it was improper for the court to do its own investigation.  The court then asked Deutsche Bank, "Do you wish to reopen your case to admit this document?"  Deutsche Bank did so, and the document was admitted.  The judge clarified that he believed that even if the Deutsche Bank had not reopened the case, he could have taken judicial notice sua sponte

> because it is so straightforward and black and white that it
> was a change of name that is in the repository of the
> government, Federal governmental agency whose task it is
> to keep track of all that and it is a very technical thing to say,
> well, they've said . . . we were formerly Bankers Trust
> Company and for their suit to fail because they didn't present
> that, I don't think would really be just.

Judgment was entered in favor of Deutsche Bank.  DiGiovanni moved for rehearing, again raising the objection to the court's independent investigation and arguing that the case should have been dismissed.  The court held a hearing but ultimately denied rehearing, concluding that it was appropriate to take judicial notice of the document under subsections 90.202(5) and (12), Florida Statutes (2014).

We conclude that the judge erred in conducting his own independent research, prompting Deutsche Bank to reopen the case, and admitting the document he found into evidence.  "Whether intentional or not, the trial judge gave the appearance of partiality by taking sua sponte actions which benefitted" one party over the other—in this case, Deutsche Bank.  Lyles v. State, 742 So. 2d 842, 843 (Fla. 2d DCA 1999).  "A

judge must not independently investigate facts in a case and must consider only the evidence presented." Fla. Code of Jud. Conduct, Canon 3B(7), cmt. "[W]hen a judge becomes a participant in judicial proceedings, 'a shadow is cast upon judicial neutrality,' " particularly when the judge actively seeks the production of evidence that the parties themselves never sought to present. J.F. v. State, 718 So. 2d 251, 252 (Fla. 4th DCA 1998) (quoting Chastine v. Broome, 629 So. 2d 293, 295 (Fla. 4th DCA 1993)). It is also improper for a court to sua sponte reopen a trial after all parties have rested in order to take such additional evidence. See In re T.W., 846 So. 2d 581, 582 (Fla. 2d DCA 2003). A judge should "never suggest or advise counsel how to try his or her case." Nationstar Mortg., LLC v. Marquez, 180 So. 3d 219, 221 n.2 (Fla. 3d DCA 2015) (citing Shore Mariner Condo. Ass'n v. Antonious, 722 So. 2d 247, 248 (Fla. 2d DCA 1998), for the proposition that "[t]rial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle").

Here, the parties had rested, and Deutsche Bank had not presented any evidence to support its assertion that Bankers Trust had been renamed Deutsche Bank. Deutsche Bank did not present the document in question, did not direct the court's attention to it, and did not ask the court to take judicial notice of it. The judge independently decided to research the issue, finding the document and providing it to the parties. When DiGiovanni objected, the judge prompted Deutsche Bank to reopen the case to admit the document. The judge made clear that without the document, he would have dismissed the suit. These actions created, at a minimum, the appearance of partiality.

Deutsche Bank argues, and the trial court believed below, that the document could be appropriately admitted pursuant to section 90.202, which delineates matters which may be judicially noticed. But "judicial notice applies to self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities." Maradie v. Maradie, 680 So. 2d 538, 541 (Fla. 1st DCA 1996) (quoting Hardy v. Johns-Manville Sales Corp., 681 F.2d 334, 347-48 (5th Cir. 1982)). Judicial notice may only be taken pursuant to the procedures set forth in section 90.204. Id. at 540 (reversing in part because the trial court failed to follow the statutory procedure required for judicial notice under section 90.204). And "the practice of taking judicial notice of adjudicative facts should be exercised with great caution" because "the taking of evidence, subject to established safeguards, is the best way to resolve disputes concerning adjudicative facts" and judicially noticed matters are taken as true without being offered by the party who will ultimately benefit. Id. at 541.

Moreover, judicially noticed documents must be otherwise admissible. See Dufour v. State, 69 So. 3d 235, 253 (Fla. 2011) ("[T]he fact that a record may be judicially noticed does not render all that is in the record admissible."); Stoll v. State, 762 So. 2d 870, 877 (Fla. 2000) ("[W]e find that documents contained in a court file, even if that entire court file is judicially noticed, are still subject to the same rules of evidence to which all evidence must adhere."). Here, the document was simply printed from the internet. It was never authenticated or shown to fall within an exception to the rule against hearsay. "Web-sites are not self-authenticating." Nationwide Mut. Fire Ins. Co. v. Darragh, 95 So. 3d 897, 900 (Fla. 5th DCA 2012) (quoting St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, No. 8:06-CV-223-T-MSS, 2006 WL 1320242 (M.D. Fla.

May 12, 2006)).  Rather, "[t]o authenticate printouts from a website, the party proffering the evidence must produce 'some statement or affidavit from someone with knowledge [of the website].' "  Id. (latter alteration in original).  Deutsche Bank made no attempt to show that the contents of the printout fell within an exception to the rule against hearsay, such as the business record exception or the public records exception.  See § 90.803(6), (8); see also Whitley v. State, 1 So. 3d 414, 415 (Fla. 1st DCA 2009).  Accordingly, the internet printout could not be judicially noticed under the circumstances of this case.

Without any evidence to show that Bankers Trust had been renamed Deutsche Bank, Deutsche Bank failed to show that it had standing to foreclose.  Deutsche Bank needed to prove that it "was entitled to enforce the instrument when loss of possession occurred, or ha[d] directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred."  § 673.3091(1)(a), Fla. Stat. (2014).  And because Deutsche Bank sought to show standing through the testimony of a mortgage resolution associate from the servicer, Bank of America, Deutsche Bank was also required to show that Bank of America was holding the note on its behalf.  See Phan v. Deutsche Bank Nat'l Trust Co., ex rel. First Franklin Mortg. Loan Trust 2006-FF11, 198 So. 3d 744, 749 (Fla. 2d DCA 2016) ("[W]here an agent holds a mortgage note on behalf of its principal, the principal has constructive possession of the note and standing to file a complaint for foreclosure as a holder.").

But the evidence presented only showed that U.S. Department of Veterans Affairs was the original lender; that the note and mortgage had been

transferred from U.S. Department of Veterans Affairs to Bankers Trust Company of California, N.A., as Trustee for Vendee Mortgage Trust 1999-3; and that Bank of America was the servicer at the time the note was lost in October of 1999. Aside from the internet printout, there was no evidence presented to show that Bankers Trust had been renamed Deutsche Bank and that Bank of America was servicing the loan on behalf of Deutsche Bank as opposed to Bankers Trust. Indeed, the circuit court repeatedly acknowledged that without the printout, dismissal was required. Accordingly, we reverse and remand with directions for the trial court to enter an order of involuntary dismissal.

Reversed and remanded.

VILLANTI, C.J., and CASANUEVA, J., Concur.