Damoorgian, J.
Mara and Glenn Powell (“Borrowers”) appeal the trial court’s entry. of a final judgment of foreclosure in favor of Wells Fargo Bank, N.A. as Trustee.for Structured Asset Mortgage Investments II, Inc., GreenPoint Mortgage Funding Trust 2006-AR2, Mortgage Pass-Through Certificates, Series 2006-AR2 (“the Bank”) following a bench trial. Because the Bank failed to establish standing, we reverse the final judgment and remand for entry of an order of involuntary dismissal.
In 2005, Borrowers executed and delivered a note and mortgage to Bankers Mortgage Trust, Inc. (“the original lender”). In 2008, the Bank, in its'capacity as trustee, filed a two count complaint against Borrowers after they defaulted on the loan, alleging one count for mortgage foreclosure and one count for reestablishment of a lost note. Therein, the Bank alleged that it was the “legal and/or equitable owner and holder of the Note and Mortgage and ha[d] the right to enforce the loan documents.” The copy of the' note attached to the complaint contained no in-dorsements, however an allonge affixed thereto contained one undated, special in-dorsement from the original lender to GreenPoint Mortgage Funding, Inc. (“GreenPoint Mortgage”). The Bank later amended the complaint and dropped the lost note count.
In October 2013, nearly five years after the filing of the original complaint, the Bank filed with -the trial court the “true and correct” original note. That note reflected the same affixed allonge bearing a special indorsement from the original lender to GreenPoint Mortgage. The back-side of that allonge, however, also reflected an additional undated, special indorsement from GreenPoint Mortgage to the Bank. A second, separate allonge was also filed with the original note and bore an undated, blank indorsement from the Bank.
The matter ultimately proceeded to a bench trial. At trial, the Bank presented its case through the testimony of a, single witness, Pamela Bingham (“the witness”). The witness worked as a home lending research officer for JP Morgan Chase Bank, N.A. (“JP Morgan”) which serviced Borrowers’ loan on behalf of the Bank. Through the witness, the Bank introduced the original note and two allonges, including the allonge bearing a special indorsement from GreenPoint Mortgage to the Bank. The witness, however, was unable to testify as to when the special indorsement to the Bank was placed on the back-side of the first allonge, when the blank indorsement from the Bank was placed on the second allonge, or why the back-side of the first allonge and the second allonge altogether were not attached to either the original or amended complaint.
As to how the Bank purportedly became the holder of the note, the witness explained the following series of transactions. On January 17, 2006, an entity named EMC Mortgage Corporation (“EMC Mortgage”) purchased and acquired Borrowers’ loan and began servicing the loan. The witness was unable to specify from whom EMC Mortgage ' purchased Borrowers’ loan. The witness then testified that on March 1, 2006, Borrowers’ loan was placed in the “Structured Asset Mortgage Investments II, Inc., GreenPoint Mortgage Funding Trust 2006-AR2, Mortgage Pass-Through Certificates, Series 2006-AR2” trust via a pooling and servicing agreement (“PSA”). The PSA, which was thereafter admitted into evidence, listed Struc *830 tured Asset Mortgage Investments II, Inc. as the Depositor, EMC Mortgage as Servi-cer,. and the Bank as trustee. The PSA did not reference GreenPoint Mortgage or the Borrowers’ loan, nor was a mortgage loan schedule attached thereto., The witness then testified that in May 2008, JP Morgan acquired EMC Mortgage and all of its assets, including Borrowers’ loan. According to the witness, the original note had been in the continuous physical possession of either EMC Mortgage or JP Morgan since January 25, 2007.
At the close of evidence, the Bank candidly acknowledged that it could not establish standing as holder of the note in light of the witness’s testimony. The Bank therefore moved to amend the complaint to conform to the evidence presented at trial and to change its theory of standing from holder in possession to nonholder in possession with the rights of the holder. The court granted the motion and ultimately entered final judgment of foreclosure in favor of the Bank.
On appeal, Borrowers argue that the court erred in finding that the Bank had standing as a nonholder in possession with the rights of the holder because the Bank failed to prove the series of transactions through which it acquired the note from the original lender. The Bank counters that the witness’s testimony that Borrowers’ loan was purchased and placed in the subject trust in 2006, coupled with the PSA which reflects an effective date of March 1, 2006, sufficiently established the Bank’s standing as nonholder in possession. We disagree with the Bank. ,
“A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose” when the complaint is filed. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). “If the note does not name the plaintiff as the payee, the note must bear, a special [indorsement in favor of the plaintiff or a blank [in-dorsement.” Id. “When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person.” § 673.2051(1), Fla. Stat. (2015) (emphasis added).
‘Where a bank is seeking to enforce -a note which is specially indorsed to another, the bank is a nonholder in possession.” Bank of N.Y. Mellon Tr. Co., N.A. v. Conley, 188 So.3d 884, 885 (Fla. 4th DCA 2016). “A nonholder in possession may prove its right to enforce the noté through: (1) evidence of an effective transfer: (2) proof of purchase of the debt: or (3) evidence of a valid assignment.” Id. As this Court has made clear, “[á] nonholder in possession must account for its possession of the instrument by proving the transaction (or series of transactions) through which it acquired the note,” starting with the first holder of the note. Id. (citing Murray v. HSBC Bank USA, 157 So.3d 355, 358 (Fla. 4th DCA 2015)).
In the present case, and because neither party disputes the validity of the special indorsement appearing on the allonge filed with the original complaint, the Bank was required to prove a chain, of transfers starting with the indorsee, GreenPoint Mortgage. Aside from the witness’s testimony that EMC Mortgage purchased and acquired Borrowers’ loan from “someone,” the only evidence admitted at .trial purporting to transfer the note was the PSA. The PSA, in turn, did not reference Green-Point Mortgage or Borrowers’ note. Moreover, absolutely no testimony was adduced at trial which explained how the Depositor, Structured Asset Mortgage Investments II, Inc., acquired mortgage loans to convey in the first place. At most, the evidence at trial established that EMC Mortgage acquired Borrowers’ loan in 2006 and placed *831 the loan in the trust, and that the Bank became the trustee. There was nothing, however, connecting the indorsee of the note, GreenPoint Mortgage, to EMC Mortgage or the Bank. In other words, the Bank failed to prove the series of transactions through which it purportedly acquired the note from the indorsee.'
Accordingly, we reverse the final judgment and remand for entry of an order of involuntary dismissal of the foreclosure action. ,

Reversed and remanded.

May and Conner, JJ., concur.