NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NANCY LEE BUCKINGHAM,   )
             )
   Appellant,    )
             )
v.            )  Case No. 2D15-5424
             )
BANK OF AMERICA, N.A.,   )
             )
   Appellee.    )
_____ )

Opinion filed October 25, 2017.

Appeal from the Circuit Court for Lee
County; James H. Seals, Senior Judge.

Mark P. Stopa of Stopa Law Firm,
Tampa, for Appellant.

W. Bard Brockman and Christian J.
Bromley of Bryan Cave LLP, Atlanta,
Georgia, for Appellee.

NORTHCUTT, Judge.

Following a bench trial, Bank of America, N.A., obtained a judgment

foreclosing a mortgage on Nancy Lee Buckingham's home. We reverse because the

bank failed to prove that it had standing to foreclose.

The bank filed a complaint alleging that it was the holder of the note and

mortgage in question and that Buckingham was in default because she had stopped

making payments. The complaint was verified by Ocwen Loan Servicing, as servicer for the bank. In her answer, Buckingham raised the affirmative defense that the bank lacked standing to sue on the note.

The only witness at trial was Shelia King, a senior loan analyst with Ocwen. King testified that Ocwen was the subservicer for the loan, but Buckingham objected that there were no documents in evidence to support the assertion that Ocwen was the subservicer for this specific loan. King's testimony was premised on a limited power of attorney that was admitted into evidence; it did not specifically reference the Buckingham loan. The power of attorney authorized Ocwen to act for the bank in regard to certain mortgage loans identified in a flow subservicing agreement. This included the power to file suit on the bank's behalf. However, the bank did not introduce the agreement into evidence, and as pointed out by Buckingham both below and on appeal, there was no evidence that the Buckingham loan was included in the agreement.

Beyond that, the evidence did not prove the bank's standing. A copy of Buckingham's note, which was executed in favor of Mortgagease, Inc., was attached to the complaint. There was an allonge to the note that transferred it from Mortgagease to ABN AMRO Mortgage Group. In turn, the note contained a subsequent endorsement from ABN in favor of LaSalle Bank, N.A. Finally, there was a blank endorsement executed by Bank of America as "[s]uccessor by merger to LaSalle Bank, N.A."

"It is well settled that a plaintiff seeking to foreclose on a mortgage loan must establish that it had standing to foreclose at the time it filed the complaint." Rosa v. Deutsche Bank Nat'l Tr. Co., 191 So. 3d 987, 988 (Fla. 2d DCA 2016). "A plaintiff

- 2 -

alleging standing as a holder 'must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper).' " Id. (quoting Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 353 (Fla. 1st DCA 2014)).

In the present case, the note did not contain an endorsement in favor of the plaintiff bank.  Although the note was ultimately endorsed in blank by the bank as a successor by merger to LaSalle Bank, there was no evidence establishing the merger, let alone that the bank acquired all of LaSalle Bank's assets.  See Fiorito v. JP Morgan Chase Bank, N.A., 174 So. 3d 519, 521 (Fla. 4th DCA 2015) ("While Chase also could have established standing through its merger with WAMU, the [loan] officer's testimony fell short of establishing that Chase acquired all of WAMU's assets, including Appellant's note and mortgage, by virtue of the merger."); see also DiGiovanni v. Deutsch Bank Nat'l Tr. Co., 42 Fla. L. Weekly D772, D774 (Fla. 2d DCA Apr. 5, 2017) ("Without any evidence to show that Bankers Trust had been renamed Deustche Bank, Deustche Bank failed to show that it had standing to foreclose.").  On the present record, the endorsement in blank by the bank appears to be an anomalous endorsement[1] and a nonentity.

The bank did not present competent, substantial evidence that it was the holder of the note at the time the complaint was filed.  The bank also did not establish that Ocwen was acting as its agent with the power to file suit on its behalf in regard to

---

[1]"The term 'anomalous indorsement' means an indorsement made by a person who is not the holder of the instrument.  An anomalous indorsement does not affect the manner in which the instrument may be negotiated."  § 673.2051(4), Fla. Stat. (2014).

the Buckingham loan where the agreement was not entered into evidence and the last valid endorsement to the note was in favor of LaSalle Bank.  This is not a situation such as in Phan v. Deutsche Bank National Trust Co., ex rel. First Franklin Mortgage Loan Trust 2006-FF11, 198 So. 3d 744, 747-49 (Fla. 2d DCA 2016), which held that Deustche Bank had constructive possession of the note because its agent was holding the note endorsed in blank on its behalf.

We reverse the final judgment and remand for entry of a final order of involuntary dismissal of the action.  Elsman v. HSBC Bank USA, 182 So. 3d 770, 772 (Fla. 5th DCA 2015) (reversing the foreclosure judgment and remanding for an entry of an order of involuntary dismissal where HSBC Bank failed to prove standing at trial).

Reversed and remanded with instructions.


LaROSE, CJ., and SILBERMAN, J., Concur.