# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4421

_____

FRANK CERTO and MURIEL CERTO,

    Appellants,

    v.

THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York, Successor in Interest to JPMorgan Chase Bank, N.A., as Trustee for Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-7,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
Don H. Lester, Judge.

April 3, 2019

PER CURIAM.

Appellants challenge a final foreclosure judgment entered against them. Because we find Bank of New York Mellon failed to prove its standing, we must reverse.

## Facts

American Landmark Mortgage lent Appellants monies secured by a Mortgage in favor of American Landmark as lender and MERS as nominee. American Landmark specially indorsed the Note to CTX. CTX specially indorsed the Note to JP Morgan Chase as trustee. Bank of New York Mellon brought suit to foreclose on the Mortgage, and included a count to reestablish a lost note.

Appellants challenged Mellon's standing. Mellon claimed standing through a 2011 assignment of mortgage from American Landmark to Mellon. It also pointed to the case style: Bank of New York was successor in interest to JP Morgan (which had a special indorsement), and Mellon was the new Bank of New York. At trial, Mellon entered a copy of the Note, three assignments of mortgage, two change in servicer letters, a power of attorney, a Pooling & Servicing Agreement, and payment history.

## Law

In a foreclosure action, once a defendant challenges standing, the prosecuting bank must adduce evidence that it has standing to bring suit. *Ham v. Nationstar Mortg., LLC*, 164 So. 3d 714, 719 n.1 (Fla. 1st DCA 2015). A bank also has the burden of proving a lost note claim. *See Poag v. Nationstar Mortg., LLC*, 198 So. 3d 1002, 1004-05 (Fla. 1st DCA 2016) (explaining that a lost note count requires the plaintiff to prove it was entitled to enforce the instrument; i.e., had/has standing); see also § 673.3091(1)(a), (2), Fla. Stat.; *Peters v. Bank of N.Y. Mellon*, 227 So. 3d 175, 177-80 (Fla. 2d DCA 2017) (reversing where trial court granted reestablishment of lost note and appellate court found plaintiff bank could not evidence effective transfer of note and therefore lacked standing).

If a note is specially indorsed to an entity other than the plaintiff, the plaintiff can show its standing through evidence that it purchased the debt or obtained it via effective transfer or valid assignment. *Bank of N.Y. Mellon Trust Co., N.A. v. Conley*, 188 So. 3d 884, 885 (Fla. 4th DCA 2016); *Stone v. BankUnited*, 115 So. 3d 411, 413 (Fla. 2d DCA 2013). This evidence need not be documentary; witness testimony is sufficient. *See Ham v.*

*Nationstar Mortg., LLC*, 164 So. 3d 714, 719 (Fla. 1st DCA 2015). That testimony, however, must evidence the transfer or sale of the particular mortgage or show the relationship between the specially indorsed entity and the suing plaintiff. *Green v. Green Tree Servicing, LLC*, 230 So. 3d 989, 991 (Fla. 5th DCA 2017) (quoting *Vogel v. Wells Fargo Bank, N.A.*, 192 So. 3d 714, 716 (Fla. 4th DCA 2016)). For example, a bank employee's testimony about the purchase assumption agreement by which the new entity acquired all the assets of the old bank was competent, substantial evidence of standing. *Stone v. BankUnited*, 115 So. 3d 411, 413 (Fla. 2d DCA 2013).

On the other hand, it is insufficient for the plaintiff to rely on its acquisition of the other entity. *See Fielding v. PNC Bank Nat'l Ass'n*, 239 So. 3d 140, 142-43 (Fla. 5th DCA 2018); *Kyser v. Bank of Am., N.A.*, 186 So. 3d 58, 61 (Fla. 1st DCA 2016) (despite testimony of merger, witness gave no testimony as to what assets exactly were acquired); *Fiorito v. JP Morgan Chase Bank, Nat'l Ass'n*, 174 So. 3d 519, 520-21 (Fla. 4th DCA 2015) (testimony one entity "took over" another is not sufficient); *Lamb v. Nationstar Mortg., LLC*, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015) (listing cases). Similarly, listing party status as "successor by merger" or claiming a title is not sufficient; a plaintiff must support its claim by evidence. *See Buckingham v. Bank of Am., N.A.*, 230 So. 3d 923, 924-25 (Fla. 2d DCA 2017) (holding words "successor by merger" were insufficient to "establish the merger, let alone that the [plaintiff] acquired all of [the successor's] assets"); *DiGiovanni v. Deutsche Bank Nat'l Trust Co.*, 226 So. 3d 984, 988-89 (Fla. 2d DCA 2017) (finding no standing where Deutsche presented no evidence "Bankers Trust had been renamed Deutsche Bank"); *Murray v. HSBC Bank USA*, 157 So. 3d 355, 358-59 (Fla. 4th DCA 2015) (explaining "Option One California" was not "Option One Mortgage Corporation"); *Verizzo v. Bank of N.Y.*, 28 So. 3d 976, 977, 978 (Fla. 2d DCA 2010) (explaining plaintiff listing itself as "successor trustee" was insufficient).

## Application

We find *Conley* instructive. There, Mellon argued it had standing, claiming it was the former Bank of NY, which was successor in interest to JP Morgan, which had a special

indorsement on the note. 188 So. 3d at 885. Mellon even introduced a purchase agreement where JP Morgan Co. sold assets to Bank of NY. *Id.* The court rejected Mellon's standing claim. *Id.* First, JP Morgan Bank was listed on the special indorsement, but JP Morgan Co. was on the asset purchase agreement. *Id.* at 885-86. Second, even putting that aside, Mellon was still out of the loop; at best, JP Morgan sold its interest to Bank of NY, but there was no evidence connecting Mellon. *Id.* at 886.

The trouble here, similar to the trouble in *Conley*, is Mellon's link to Bank of NY and Bank of NY's link to JP Morgan. Because the final special indorsement is to JP Morgan, Mellon needed to evidence how it obtained the Note or interest. It claims to have it because Bank of NY is a successor to JP Morgan and Mellon is the new Bank of NY. However, the record does not establish either of those necessary links.

Mellon relies on the Note, three assignments of mortgage, two change in servicer letters, a power of attorney, a Pooling & Servicing Agreement, and payment history. None of these proves standing. To begin, the Note indorsement to JP Morgan is insufficient because it does not close the gap between JP Morgan and Mellon. Nothing shows how or to what extent Bank of NY acquired assets of JP Morgan; i.e., that Bank of NY was a successor in interest of any or all of JP Morgan's assets. *See Buckingham*, 230 So. 3d at 924-25 (holding words "successor by merger" were insufficient to "establish the merger, let alone that the [plaintiff] acquired all of [the successor's] assets"); *Conley*, 188 So. 3d at 885-86 (explaining BONY Mellon had submitted a purchase and assumption agreement attempting to evidence sale of JP Morgan assets). Similarly, even if that was evidenced, nothing shows Mellon is formerly Bank of NY. *See DiGiovanni*, 226 So. 3d at 988-89 (finding no standing where Deutsche presented no evidence "Bankers Trust had been renamed Deutsche Bank"); *Murray*, 157 So. 3d at 358-59 (Fla. 4th DCA 2015) (explaining Option One California was not Option One Mortgage Corporation). The record does not contain a merger or

4

purchase agreement. There is no witness testimony about a merger or purchase.[*]

Next, the remaining documents do not evidence Mellon's purchase, transfer, or assignment. First, the corporate assignments of mortgage are insufficient. The 2007 assignment is to Bank of New York. The 2011 assignment is from the original lender—which had indorsed the Note to CTX. It is unclear how the original lender could specially indorse the Note to CTX yet still have an interest to convey to Mellon. Second, the change in servicer letters reflect only that a new servicing company was servicing the Note. The letters say nothing about the underlying debt and Note being sold to a new bank. In addition, the change in servicer letters are dated May 2016; they cannot show who owned the Note when the action was filed in January 2015. Third, the limited power of attorney merely grants a servicer the ability to act; it does not evidence a debt or transfer of a debt. Again, it is dated March 2017 and similarly cannot show who owned the Note at the 2015 filing. Fourth, the payment history does not specifically list Mellon. Finally, the PSA is between Structured Asset Mortgage Investments, JP Morgan, Wells Fargo, and EMC. Mellon is not a party. An agreement to which Mellon is not a party does not evidence a transfer of the Note to Mellon. Thus, the documents Mellon introduced below and that it cites on appeal do not evidence its purchase of the debt or an effective transfer or valid assignment to it.

## Conclusion

Mellon needed to show the pieces in this Note puzzle ended with it. It is missing evidence of two pieces: that Bank of NY was successor in interest to JP Morgan, and that Mellon is formerly Bank of NY. Accordingly, Mellon did not evidence its standing to foreclose. We must reverse the final judgment of foreclosure. *See Nationstar Mortg., LLC v. Brown,* 175 So. 3d 833, 834-35 (Fla. 1st DCA 2015) (noting that dismissal of foreclosure action does not

---

[*] There is no trial transcript in the record, but Mellon does not suggest there was testimony that evidenced its standing; i.e., Bank of NY's apparent purchase of JP Morgan's interest and Bank of NY's apparent renaming to Mellon.

preclude subsequent action based on later or ongoing defaults). Because of this disposition, Appellants' second issue is moot and we decline to comment on it.

REVERSED.

ROBERTS, RAY, and KELSEY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Frank Certo and Muriel Certo, pro se, Appellants.

Michael T. Gelety and Shawn L. Taylor, Deluca Law Group, PLLC, Fort Lauderdale, for Appellee.